F. W. Skiles v. Walter Shropshire et al.

No. 6292.   Decided January 23, 1935.
Rehearing overruled February 27, 1935.
(77 S. W., 2d Series, 872.)

*Massingill & Belew,* of Fort Worth, for plaintiff in error.

Plaintiff having advanced money to husband at his request and upon his representation that property given as security for said loan had never been used or occupied as a home, the husband at said time having selected and designated other property where he and his wife then resided and had resided for many years, should in absence of notice to plaintiff of wife's homestead claim, and in the absence of any proof of fraud against wife, have had judgment foreclosing his lien on said property. Sanders v. Crump, 23 S. W. (2d) 850; Brin v. Anderson, 60 S. W., 778; Parrish v. Frey, 44 S. W., 322; Steves v. Smith, 107 S. W., 141; Kempner v. Comer, 73 Texas, 196, 11 S. W., 194.

*Otis Rogers, Joe Spurlock, Simpson, Brewster & Rodgers,* all of Fort Worth, for defendants in error Walter Shropshire and wife; *Bryan, Stone, Wade & Agerton,* of Fort Worth, for defendant in error Continental National Bank and Fort Worth National Bank.

Proceeds of a sale of the homestead may be reinvested in a new homestead which thereupon becomes exempt as was the former, the purchase of the new homestead being a mere continuation of the old and not the formation of a new. R. S., Art. 3834; Leland v. Chamberlin, 60 S. W., 435; Ellis v. Light, 73 S. W., 551; First State Bank of Emory v. Allen, 150 S. W., 747; Thomas v. Williams, 50 Texas, 269; Armstrong v. Moore, 59 Texas, 648; 29 C. J., 840.

Where a bank has paid a check to the identical person to whom the check has been issued and delivered by the drawer, and although he was an imposter yet the bank was protected in making the payment. Townsend-Oldham & Co. v. Continental State Bank of Gorman, 178 S. W. 564; Land Title & Trust Company v. Northwestern National Bank, 196 Pa., 230, 50 L. R. A., 75; United States v. National Exch. Bank, 45 Fed., 163.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This suit was brought by F. W. Skiles against Walter Shropshire and his wife, Callie Shropshire, on two promissory notes; and for foreclosure of the deed of trust liens to secure payment of the notes. Skiles made the Continental National Bank a party defendant and sought alternative relief against the bank. The nature of this alternative relief is not presently material. The Shropshires defended against foreclosure of said liens, on the ground that the property covered thereby was their homestead when the liens were made. The case was tried to the court, without a jury, resulting in a judgment for Skiles against Walter Shropshire for the amount of the notes. In all other respects the judgment was against Skiles. The Court of Civil Appeals affirmed said judgment. 50 S. W. (2d) 402.

The undisputed facts are substantially as follows:

On December 6, 1928, and for sometime prior thereto, Shropshire and his wife owned and resided in their home at 2107 South Main Street, in Fort Worth. On the date named they deeded the home to the Kimble Milling Company for a cash consideration. The deed to the company was promptly recorded. With the consent of the company, they continued to reside on the place until they moved to the new home as will be shown. A short time after the sale of the old home, Shropshire bought, for cash, a vacant lot in the Bone Addition to Fort Worth, and proceeded at once to arrange for the construction of a dwelling house thereon for the family home. The proceeds of the sale of the old home were used by Shropshire in acquiring said lot and having the dwelling house constructed. While the construction work was in progress, Shropshire, on February 2, 1929, procured a loan of $600.00 from Skiles; and on February 23, 1929, he procured a further loan of $400.00 from Skiles. The notes sued on were given for these loans. In each of these transactions Shropshire, and a woman whom he introduced as his wife, executed a deed of trust on the Bone Addition place to secure the note executed in the transaction. The woman was an imposter posing as Mrs. Callie Shropshire, the wife of Walter; but Skiles was ignorant of this. In the deed of trust, the following declaration was made: "This property is not our homestead or any part thereof." Shropshire and the imposter also declared, in writing, that the place at 2107 South Main Street was their homestead. Skiles did not know that this place had been sold. He made the loans in

reliance on the declarations stated. Mrs. Shropshire knew nothing of the deeds of trust and the loans until long afterwards. The construction work on the Bone Addition place was completed about a week after the last loan was made; whereupon the Shropshires moved on the place and still live there. At the time the lot was bought, and until they moved there, both Walter Shropshire and his wife intended the place as their home.

██ The question to be decided is whether or not the declaration of Walter Shropshire, to the effect that the Bone Addition place was not his homestead, precludes the assertion of the homestead claim as against Skiles. The point of inquiry respects the relation of Mrs. Shropshire to the Bone Addition place at the time. In order to obtain a correct understanding of this relation, it becomes necessary to consider the status of a husband, with reference to his family, and his authority in respect to establishing the family home. It is the settled law that an intention, in good faith, to make a given place the family home, coupled with preparation to that end, has effect to impress the place with the homestead character. Cameron v. Gebhard, 85 Texas, 610. As a rule, the law regards the husband as the head of the family, and accords him the authority to select the home for the family. Shultz v. Whitman, 119 Texas, 211, 27 S. W. (2d) 1093. It necessarily follows, then, that while the place selected is being prepared for use as a home, the homestead character of the place depends on his intention alone. The concurring intention of his wife is not required, and has no force to sustain the homestead character of the place. Steves v. Smith, 107 S. W., 141 (writ refused). Whatever homestead claim she could be said to have, in such a case, would be founded on the intention of her husband to put the place to use as the family home. If he were to abandon such intention, or become estopped by his acts from asserting same, the indispensable support for her homestead claim, as well as his, would be gone. His actions in the last mentioned respect could not operate as a fraud on her, for the reason that the place would not have become a homestead in fact, by use for the purposes of a home as the Constitution prescribes, and she would have no independent rights to be affected. The circumstances that the proceeds of the sale of a former home were involved, would be beside the question.

From what has been said, the conclusion follows that the declaration of Walter Shropshire, to the effect that the Bone Addition place was not his homestead, precludes a showing, by

either himself or his wife, that the place was a homestead by intention.

The trial court erred in refusing to foreclose the deed of trust liens. In this respect, the judgment of the trial court and that of the Court of Civil Appeals affirming same, are reversed and the cause is remanded to the trial court with instructions to enter judgment foreclosing said liens. In all other respects, the judgments of both courts are affirmed.

Opinion adopted by the Supreme Court January 23, 1935.