## LE MASTER et al. v. FARRINGTON et ux.

### No. 9919.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 3, 1937.

On Rehearing March 3, 1937.

Rehearing Denied March 31, 1937.

Fowler & Fowler, of Goliad, and Linebaugh & Guittard, of Victoria, for appellants.

Peden, Johnson & Peden, of Houston, for appellees.

MURRAY, Justice.

Appellees, H. L. Farrington and wife, Mrs. Nena Farrington, instituted this suit in the district court of Goliad county against appellants, Mrs. Ida Lee Le Master and I. F. Vollers, to restrain a sale by Vollers as trustee under a deed of trust in favor of Mrs. Le Master and to cancel the deed of trust lien upon 200 acres of a tract ·of 233 acres covered by the deed of trust, alleging that the 200 acres constituted their homestead in June, 1930, at which time the deed of trust was executed. The deed of trust was given to secure a loan evidenced by a deed of trust note in the sum of $8,000.

The case was tried to a jury and resulted in a verdict favorable to the Farringtons, and based thereon the trial court entered judgment canceling the deed of trust as to the 200 acres claimed as a homestead and perpetually enjoining appellants from enforcing the deed of trust lien as to the 200 acres; from which judgment Mrs. Le Master and I. F. Vollers have prosecuted this appeal.

Appellants present several assignments of error wherein they complain of the court's

action in refusing to submit to the jury several specially requested issues and complain of the answers of the jury to the issues submitted as being contrary to the evidence. They also complain of the admission of certain testimony.

We have concluded that appellees should have been given an instructed verdict and that there was no fact issue in this case requiring a submission of same to the jury.

The undisputed evidence shows that the land was the homestead of the Farrington's at the time the deed of trust was executed and that this fact was known, or should have been known, to Joseph Wearden, the agent of Mrs. Le Master, at the time the deed of trust was executed.

Wearden was the agent of Mrs. Le Master and represented her in the making of the loan and the execution of the deed of trust. He was president of a bank in Goliad and knew the Farringtons well, and further knew that they had occupied the large dwelling on this land, which was only a short distance from the City of Goliad, for many years prior to the time the loan was made.

The deed of trust, which was signed and acknowledged by both Mr. and Mrs. Farrington, contained a stipulation to the effect that no part of the land covered by the deed of trust was their homestead but that a small residence in the City of Goliad was their homestead. This place was known as the Daggs place and was sold to the Farringtons by Wearden, acting as an agent for the bank. Wearden knew that the Farringtons had never moved to the Dagg's place and had never occupied it as a homestead. The Farrington home was equipped with a large amount of expensive furniture and only a small portion of this furniture was ever removed from the home. Mr. Wearden often passed by the Farrington home, and the slightest diligence on his part would have revealed this fact. Although he knew the Farringtons had lived in this house for years, he made no effort or investigation to determine whether or not they had moved away from same; and if an investigation had been made, it would have revealed that practically all of the furniture was still in this large house. Both Mr. and Mrs. Farrington, as well as disinterested witnesses, testified that the Farringtons were living in this home and occupying it as their homestead at the time the deed of trust was executed. The only evidence intimating anything to the contrary is that Mrs.

Farrington spent some time in Houston, Tex., and that the Farringtons owned some dairy cattle and operated a dairy for a while in Houston. The deed of trust was taken by Mr. Farrington to Houston, and it was there signed and acknowledged by him and his wife. Mr. Wearden had sent letters to, and received letters from, Mrs. Farrington at Houston. Mr. Farrington lived on and worked a part of the land during the year 1930. At the time the deed of trust was executed the Farringtons assigned the benefits of a fire insurance policy on their home to Mrs. Le Master, which policy showed on its face that the home was occupied by the owner. Mr. Wearden secured a tenant for the Dagg's place and collected the rent.

In the face of these undisputed facts, Wearden was charged with knowledge of the fact, if he did not actually know, that the Farringtons had never abandoned the land in controversy as their home and were actually occupying it as a homestead at the time the loan was made and the deed of trust executed. Under such circumstances Wearden had no right to rely upon the stipulation in the deed of trust and appellees were not estopped to set up their homestead rights. 22 Tex.Jur. beginning p. 177, §§ 123, 124, 125, 126; Glenn v. Miller (Tex.Civ.App.) 82 S.W.(2d) 167; American Exchange Nat. Bank v. Jeffries (Tex.Civ.App.) 36 S.W. (2d) 558.

The trial judge would have been justified in granting appellees' motion for an instructed verdict, and therefore assigned errors in the manner of submitting the case to the jury become immaterial. This is also true even though the testimony, the admission of which is complained of, had not been admitted.

Accordingly, the judgment will be in all things affirmed.

### On Motion for Rehearing.

On more mature consideration, we conclude that the evidence as to the Farringtons occupying the mortgaged property at the time of the execution of the deed of trust is not undisputed, as stated in our original opinion. Dave McIntire testified that the Farrington home was locked up from March to October, 1930, and that he lived on the place and cared for the yard. He looked in through the windows and saw no furniture in the house. O. C. Matthews testified that about this time he was in the

house and went all through it and saw no furniture. In view of this and other testimony, we were in error in holding that the testimony as to occupancy was undisputed.

This requires a consideration of other questions raised by appellants.

■ We overrule appellants' contention that the trial court should have submitted certain special issues inquiring of the jury whether or not the Farringtons made representations to W. E. Fowler to the effect that the mortgaged premises were not occupied by them as a home. This matter was not pleaded, and therefore the court properly refused to submit it to the jury.

■ We sustain appellants' contention that the jury's answer to special issue No. 2 is contrary to the evidence. By their answer to this issue the jury found that the Farringtons did not represent to Joseph Wearden, as agent for Mrs. Le Master, that they were not using and occupying the mortgaged property as a homestead. The deed of trust signed and acknowledged by the Farringtons contained the following provision: "We each expressly warrant that we do not live in the real estate therein conveyed, that the same is no part of our homestead and it is not used by us for any homestead purpose whatsoever, and we do each hereby reaffirm our homestead designation dated March 7, 1930, duly recorded in Vol. 60, page 601, of the Deed Records of Goliad County, Texas."

In the face of this provision, the Farringtons will not be heard to say that they did not represent that the mortgaged property was not their homestead. Skiles v. Shropshire, 124 Tex. 462, 77 S.W.(2d) 872; Alexander v. Wilson, 124 Tex. 392, 77 S.W.(2d) 873; Carstens v. Landrum (Tex.Com.App.) 17 S.W.(2d) 803; Purdy v. Grove (Tex. Civ.App.) 35 S.W.(2d) 1078; Rose v. Turner (Tex.Civ.App.) 16 S.W.(2d) 433, 434; First Texas Joint Stock Land Bank v. Chapman (Tex.Civ.App.) 48 S.W.(2d) 651.

■ The jury answered issues 3 and 4, though they were instructed not to answer these issues if they answered issue No. 2 "No." By their answers to issues 3 and 4 the jury found that.Wearden did not believe and rely upon the representations made by the Farringtons in making the loan. The jury having found that no representations were made, their answers to issues 3 and 4 are meaningless.

■ We sustain appellants' contention that Mrs. Farrington should not have been permitted to testify that she did not read the deed of trust, which she admitted she signed and acknowledged before a notary public. Scottish-American Mortgage·Co. v. Scripture (Tex.Civ.App.) 40 S.W. 210; McGaughey v. American Nat. Bank, 41 Tex. Civ.App. 191, 92 S.W. 1003; Bernstein v. Hibbs (Tex.Civ.App.) 284 S.W. 234.

Accordingly, appellants' motion for a rehearing will be granted, our judgment heretofore entered affirming this cause will be set aside, the judgment below will be reversed and the cause remanded.

Reversed and remanded.