**BARTON et ux. v. WOOD.**

No. 2539.

Court of Civil Appeals of Texas. Waco.

Oct. 21, 1943.

Rehearing Denied Dec. 2, 1943.

See, also, 162 S.W.2d 147.

J. S. Simkins and Norris W. Lovett, both of Corsicana, and Mark Smith, of Waxahachie, for appellants.

J. C. Lumpkins, of Waxahachie, for appellee.

RICE, Chief Justice.

This is a suit for debt and foreclosure of a vendor's and deed of trust lien securing the same on a tract of 72 acres of land situate in Ellis county, Texas, brought by P. E. Wood against Walter Barton and wife. Defendants admitted the indebtedness, conceded the legal existence of said liens as security therefor on 39.9 acres of the land involved, and sought to defeat foreclosure of such liens on the remaining 32.1 acres of said tract because, they say, said last mentioned tract constituted their homestead at the time of the creation of the indebtedness and the liens given as security therefor and has remained their homestead continuously to the date of the trial of this cause.

Based on the findings of the jury in answer to special issues submitted, judgment was rendered in favor of plaintiff for his

debt and foreclosing the liens securing the same on the 72 acres of land involved. From this judgment defendants have perfected their appeal.

On the death of the father, mother and stepmother of Mrs. Ada Barton, appellant, there was vested in her and her six brothers and sisters in equal undivided interest title to 194 acres of land in Ellis county, Texas, as well as to certain money on hand. After the title to said property had so vested and prior to June 30, 1923, the interested parties met and orally agreed that Mrs. Ada Barton, as her distributive interest in the lands, would receive 27.1 acres of land, and, for her interest in the money on hand, would receive an additional five acres of land; it was further agreed that Mrs. Ada Barton and husband would take title to an additional 39.9 acres of said land on their payment of the sum of $4748.57, which appellants were to borrow.

Thereafter, and on June 30, 1923, in furtherance of their oral partition, the parties at interest executed and delivered their respective deeds, partitioning among themselves the property in which they were jointly interested. On said date, appellants were delivered a deed conveying to them the tract of 72 acres of land in controversy, and in said deed the vendor's lien was expressly retained to secure plaintiff in the payment of ten vendor's lien notes executed by appellants, payable to appellee, and therein described, aggregating the sum of $4,748.57, advanced by appellee at the request of appellants so as to enable the latter to pay the consideration agreed upon when the oral partition was had. Simultaneously with the execution and delivery of said deed to appellants and the execution by appellants of said purchase money notes, they, as additional security for the payment of said indebtedness, executed and delivered to appellee a deed of trust on the 72 acres of land described in the deed to appellants. This deed of trust expressly provided: "That said property herein described, or any part thereof, is not our homestead, used or enjoyed by us as such, and that we have other property which we occupy as such homestead."

Thereafter, on November 5, 1932, six of said series of ten notes being unpaid, appellants duly executed and delivered to appellee an extension agreement, renewing and extending the date of the maturity of said notes, and therein acknowledged that the same were executed in purchase of the tract of 72 acres of land and were each secured by a vendor's and deed of trust lien.

It is the contention of appellants that title to the 32.1 acres, out of the 72 acres, vested in Ada Barton on the making of the parol agreement prior to June 30, 1923; that there was a house on said tract of 32.1 acres of land suitable for occupancy; that at the time title vested in Ada Barton to said last mentioned tract, appellants intended it for their homestead, and immediately thereafter, and before the execution of said deed of conveyance to them and of the deed of trust sued on, they manifested such intention by making or causing to be made certain repairs and additions to the improvements thereon situate. It is uncontroverted that at the time of the asserted parol partition appellants had rented and were then residing on a farm in Navarro county, Texas, and that they thereafter continuously resided on rented farm land in Navarro county until 1927, when they moved on the land in controversy. Prior to moving thereon, and from the time they acquired title to the tract of 32.1 acres of land in controversy, appellants rented the same to tenants. Various reasons were advanced by appellants for their failure to actually occupy the land in controversy as their home prior to 1927. It is not necessary for us to discuss whether or not these reasons were legally sufficient to preserve the homestead character of the land in controversy, because, as we view the record, the controlling fact on this appeal is that at the time of the execution of the deed and of the deed of trust, appellants were not living on, and had not lived on, the 72 acre tract of land, or any part thereof.

The jury found: (1) That Ada Barton, and her brothers and sisters, made an oral partition, prior to June 30, 1923, of the estate in which they were jointly interested, in which it was agreed that Ada Barton was to receive the 72 acre tract of land described in the deed to her of date June 30, 1923, as the homestead property of herself and husband, which tract was to consist of 27.1 acres of inherited land, 5 acres purchased with money received by her from said estate, and that a loan of $4,748.57 would be arranged or procured with which to buy the remaining part or portion of said 72 acre tract in which the remainder of said heirs had an interest; (2) prior to the execution by the defendants of the various instruments in evidence

on June 30, 1923, 32.1 acres of said 72 acres of land was the homestead of appellants; (3) there was no mutual mistake in the drawing of the deed reserving the vendor's lien on all the 72 acres of land; (4) that there was no mutual mistake in drawing the deed of trust to cover the 72 acres rather than only 39.9 acres thereof; (5) at the time appellee loaned his money to appellants he relied upon that provision of the deed of trust reading as follows: "That said property herein described, or any part thereof, is not our homestead, used or enjoyed by us as such, and that we have other property which we occupy as such homestead"; (6) appellee would not have loaned his money to appellants if it had not been for said homestead representation in said deed of trust; (7) appellee had no knowledge that appellants were claiming the 72 acre tract of land, or 32.1 acres thereof, as their homestead at the time he loaned his money against the same; (8) on June 30, 1923, appellants were not occupying rented land in Navarro county with the intention of making it their homestead.

There are a number of interesting questions of law presented by the brief of appellants' able counsel which we do not discuss because we have reached the conclusion that on the findings of the jury and the undisputed evidence in the record before us, appellants are estopped to assert any homestead rights they may have had in the 32.1 acres of land in question as against the foreclosure of appellee's vendor and deed of trust lien.

It is undisputed that appellants were not living on the land in question at the time they acquired title thereto, nor did they live thereon until approximately four years after the appellee acquired his liens thereon. Such possession as they had was through tenants who actually occupied the same, paying appellants rent therefor. Appellants testified that prior to June 30, 1923, they had manifested their intention of making the 32.1 acres of land their homestead by making certain repairs and improvements. It is true the jury found that the 32.1 acres of land was the homestead of appellants prior to the date appellee ac-

quired his liens thereon; but the jury also found, upon sufficient evidence, that appellee did not know of the intention of appellants to occupy any part of said land as their homestead when he loaned his money on the security which appellants offered. Whether the land in question was the homestead of appellants, under the facts here presented, depended upon their real intention, which they could change at will, and which nobody could know but themselves. Carstens v. Landrum, Tex.Com. App. 17 S.W.2d 803; Skiles v. Shropshire, 124 Tex. 462, 77 S.W.2d 872.

It has been uniformly held by the courts of Texas that, where the husband and wife have moved away from the property, and its homestead character is preserved solely by their intention to return to it, they may estop themselves from asserting their homestead interest by representations made for the purpose of securing a loan to the effect that the property is no longer their homestead. Llewellyn v. First Nat. Bank, Tex.Civ.App., 265 S.W. 222; Lincoln v. Bennett, 138 Tex. 56, 156 S.W.2d 504. Reason would indicate that such rule of law would apply in a case where the husband and wife had never actually occupied the property as their homestead. Skiles v. Shropshire, supra.

Since the land in question was not actually occupied by appellants as a home, they, by their declarations, could estop themselves from asserting its homestead character. The representations made by them, not inconsistent with the physical facts, intended to be, and actually, relied upon by the appellee in making the loan, brings this case within the principles governing estoppel. Wharton v. Mortgage Bond Co. of New York, Tex.Civ.App., 48 S.W.2d 519; Llewellyn v. First Nat. Bank, supra; Wootton v. Jones, Tex.Civ.App., 286 S.W. 680.

The jury, on sufficient evidence, having found against the appellants on the essential elements of estoppel to their defense of homestead, we are of the opinion that the trial court was authorized and required to enter the judgment appealed from. For the reasons above set forth, the judgment of the trial court is affirmed.