TEXAS EMPLOYERS' INSURANCE ASSOCIATION V. LILA S. COLLINS

No. A-5946. Decided December 5, 1956.
(295 S.W. 2d Series 902)

*Eskridge, Groce & Hebdon,* of San Antonio, for petitioner.

The Court of Civil Appeals erred in holding that there was no irreconcilable conflict between the jury findings that the plaintiff was totally and partially incapacitated at the same time and permanently and temporarily incapacitated at the same time. New Amsterdam Cas. Co. v. Reeves, 300 S.W. 206; West Lumber Co. v. Keen, 237 S.W. 236; Stone v. Texas Emp. Ins. Ass'n., 273 S.W. 2d 59.

*Putman & Putman,* of San Antonio, for respondent.

In rebutal cited American Gen. Ins. Co. v. Hightower, 264 S.W. 2d 483; American Emp. Ins. Co. v. Singleton, 24 S.W. 2d 26; Edwin v. Welborn, 207 S.W. 2d 124.

MR. JUSTICE GARWOOD delivered the opinion of the Court.

This writ of error was granted our petitioner, Texas Employers' Insurance Association, to review a judgment for Workmen's Compensation based on a verdict alleged to contain conflicting findings as to the character and duration of the claimant's (respondent's) disability. The Waco Court of Civil Appeals, following an earlier opinion of the San Antonio Court in a mandamus proceeding in the same litigation, held that no conflict existed, the result being that the trial court had to revoke its order of mistrial and enter judgment for permanent total incapacity, which was in due course affirmed. See 290 S.W. 2d 693 and Collins v. Brown, Dist. Judge, 279 S.W. 2d 627.

An additional attack on the judgment is also made but will not be discussed, since we sustain the petitioner's claim of conflict, and the other error, if it was one, will doubtless not recur on the next trial.

The relevant special issues with their corresponding qualifications, numbers and answers are set out in the footnote.[1]

---

[1]*"Question No. 4:* Do you find from a preponderance of the evidence that such incapacity, if any, on the part of the plaintiff, Lila S. Collins, was a total or partial incapacity?

"Answer 'total' or 'partial'.

"We, the jury answer: *Total.*

"If you have answered Question No. 4 'total', and only if you have so answered, then answer Question No. 6.

"*Question No. 5:* On what date, if any, do you find from a preponderance of the evidence that such total incapacity, if any, began, or will begin?

It will thus be noted that under Issues 4, 5 and 6 it was found that the disability found in answer to the earlier issues was total rather than partial, began on March 15, 1954, and was permanent rather than temporary. Up to that point a recovery for total-permanent disability is clearly indicated. The trouble begins with No. 7, which the jury proceeded to answer in spite of its being contingent on a "temporary" answer to No. 6 and, answering, found that the total disability theretofore established would last only 26 weeks and was thus temporary, although previously found to be permanent by issue (6). Nos. 8, 9 and 11 in express terms likewise precluded answers in view of the "permanent" answer to No. 6, but the jury nevertheless answered them, and to the effect that "such temporary total incapacity" was followed by permanent partial incapacity of 25 per cent.

---

"Answer by stating the month, day and year.

"We, the jury, answer: *March 15, 1954.*

"If you have answered Question No. 4 'Total', and only if you have so answered, then answer Question No. 6.

"*Question No. 6:* Do you find from a preponderance of the evidence that such incapacity, if any, is permanent or temporary?

"Answer by stating 'permanent' or 'temporary'.

"We, the jury, answer: *permanent.*

"If you have answered Question No. 6 'temporary' and only if you have so answered, then answer Question No. 7.

"*Question No. 7:* For what period of time, if any, do you find from a preponderance of the evidence that Lila S. Collins has or will suffer such total incapacity, if any, from the time such total incapacity, if any, began or will begin[1]

"Answer by stating the number of days and/or weeks, if any.

"We, the jury, answer: *26 weeks.*

"If you have answered Question No. 6 'temporary' and only if you have so answered, then you will answer Question No. 8.

"*Question No. 8:* Do you find from a preponderance of the evidence that such temporary total incapacity, if any, was followed by any partial incapacity, as that term is herein defined?

"Answer 'yes' or 'no'.

"We, the jury, answer: *Yes.*

"If you have answered Question No. 8 'yes', and only if you have so answered, then you will answer Question No. 9.

"*Question No. 9:* Do you find from a preponderance of the evidence that such partial incapacity, if any, is permanent or temporary?

"Answer by stating 'permanent' or by stating 'temporary'.

"We, the jury, answer: *Permanent.*

If you have answered Question No. 9 'temporary' and only if you have so answered, then you will answer Question No. 10.

"*Question No. 10:* For what period of time, if any do you find from a preponderance of the evidence that such partial incapacity, if any, has continued or will continue after the beginning thereof?

"Answer by stating the number of days and/or weeks, if any.

"We, the jury answer:_____.

"If you have answered Question No. 8 'yes', and only if you have so answered, then you will answer Question No. 11.

"*Question No. 11:* What do you find from a preponderance of the evidence to be the percentage, if any, of such partial incapacity, if any?

"Answer by stating the percentage, if any.

"We, the jury, answer: *25%.*"

Thus the jury, disregarding the contingent character of Nos. 7 and following, answered them so as to contradict its earlier findings of permanent-total (6 and 4) incapacity by finding temporary total of 26 weeks (7) followed by partial (8) permanent (9) of 25 per cent (11).

It is not, of course, contended generally for the claimant-respondent that a finding of "permanent" does not conflict with one of "temporary", or that a finding of "total" does not conflict with one of "partial". It is contended, however, that no conflict exists, if we use the test of whether finding Nos. 7 and following are — of themselves and disregarding the earlier answers — sufficient to support a judgment for what they purport to find. Such a test for determining existence *vel non* of a conflict has received our approval. Little Rock Furniture Mfg. Co. v. Dunn, 148 Texas 197, 222 S.W. 2d 985, 991, and cases therein cited; McDonald, Texas Civil Practice, Vol. 3, Sec. 15.06, p. 1273.

But we see no reason why, if we disregarded the "permanent" answer (6), as the test permits us to do, and if, as we hereinafter hold, answers made in violation of the condition under which the corresponding issues were submitted are not necessarily void, a judgment might not properly be entered for temporary total plus permanent partial of 25 per cent. All we have prior to No. 6 is a finding that the claimant-respondent suffered total incapacity which began on March 15th, 1954 (the latter being the date of the accident). No. 7 and following find that "such total incapacity" persisted for a period of 26 weeks and was followed by permanent partial incapacity of 25 per cent. The "26 weeks" answer (7) is undoubtedly a finding that the total incapacity was temporary, and the answer to No. 8, that "such temporary total incapacity * * * was followed by * * * partial incapacity", undoubtedly finds "partial incapacity", while findings 9 and 11 categorically state that the partial incapacity was "permanent" and of 25 per cent degree.

Thus the only reason why a judgment might not have been entered for temporary total plus permanent partial would have to be that the violation by the jury of the conditions accompanying Nos. 7 and following makes the answers to those issues void. The claimant-respondent contends that they are so void, and both appellate courts below agreed with him.

■ In our opinion that view is by no means compelled by decisions preceding the instant case. The only one cited from

this court is Alpine Telephone Corporation v. McCall, 143 Texas 335, 184 S.W. 2d 830, which was not a "conflict" case, but in which the findings of "no proximate cause" (Issue 2), following a finding of "no negligence" (Issue 1) was held to be ineffective because "Obviously the jury could have answered Special Issue No. 2 in no other manner than was done, after finding that petitioner was not negligent." True the Court also observed that Issue No. 2 "Was, in effect, conditional" and added to the above-quoted language that, "After finding no negligence * * * the jury no longer had the issue of proximate cause * * * before it, and its answer to Issue No. 2 is immaterial." However, the opinion goes on to cite as supporting its holding Le Master v. Farrington, Texas Civ. App., 103 S.W. 2d 189, wr. of er. dismissed, W.O.J., 128 Texas 660—likewise not a "conflict" case —in which an answer that certain representations were not relied upon was ignored as "meaningless" because it followed an answer that the identical representations had not been made in the first place. The theory of these holdings thus seems to us to be, not that the violation of a condition by the jury renders the corresponding answer void, but that answers which the jury could only have intended in a purely hypothetical sense are meaningless and as such may be disregarded. The meaningless quality of the answer did indeed arise from the fact that the corresponding issue was geared to a preceding issue and its corresponding answer, but the vice in the latter answer was its meaninglessness and not merely that it disregarded the implied or express condition under which the court submitted it. The only basis on which we could say in the instant case that answers 7 and following are meaningless in the sense of the Alpine Telephone Company and Le Master decisions is to assume that, in answering Issue 7, the jury actually intended to incorporate into its answer the answer made to No. 6 ("Permanent") and thus actually stated (in 7) that the incapacity was both permanent and of only 26 weeks duration. We feel entitled to indulge the presumption that the jury did not so intend.

The cited Court of Civil Appeals decision in Bryan & Emery v. Frick-Reid Supply Co., Texas Civ. App., 10 S.W. 2d 1023, likewise involved no question of conflict. The jury answered "Yes" to Issue No. 1 as to whether the defendant, purchasing certain goods, had notice that they had not been paid for. Issue No. 2, presenting an alternative or secondary theory of liability, was conditioned on a "no" answer to No. 1 and enquired if the defendant knew such facts as would put him on enquiry as to the fact of nonpayment. Issue No. 3 was condi-

tioned on a "yes" answer to No. 2, and enquired if such an enquiry would have developed the true facts. The jury correctly omitted to answer No. 2, but proceeded to answer No. 3, and in the affirmative. The defendant, on appeal from an adverse judgment, attacked finding No. 1 for "no evidence". It also asserted that No. 3 was immaterial—evidently in the belief that the latter might be urged by the plaintiff-appellee as an alternative ground for affirmance of the judgment. The appellate court upheld No. 1, this holding, as the opinion observes, concluding the case against the defendant-appellant on the ground of actual notice. But the opinion, nevertheless, dealt further with the defendant-appellant's point concerning finding 3 and stated that the conditional character of the submission of that issue and Issue 2 rendered the answer to the former immaterial, since the jury violated the conditions. This latter statement was dictum. Having affirmed the judgment by upholding the finding of actual notice, there was no reason for the court to say that it could not have affirmed it on the basis of constructive notice under finding No. 3.

Likewise unnecessary to a decision was the statement which the claimant-respondent cites from Erwin v. Welborn, Texas Civ. App., 207 S.W. 2d 124, wr. of er. refused "no reversible error," 146 Texas 660, which in turn cites the Bryan & Emery case, supra, as its only authority. In the Erwin case, the defendants appealed from an adverse judgment for damages arising from an automobile collision, the verdict having dealt with two distinct grounds of primary negligence. The judgment was affirmed on the basis of ground 2; but the court proceeded also to rule on and sustain the point of the defendants-appellant attacking the verdict as to ground 1 and in so doing made the statement that findings made in disregarded of conditions preceding the corresponding issues are immaterial.

■ From the lay point of view the verdict in the instant case is clearly conflicting. And looking at it as a lawyer might look at a will or written contract, it would be about as difficult to exclude an intent to find temporary-total plus permanent-partial as to exclude an intent to find permanent-total. The use of conflict-avoiding "formulas" such as Mr. McDonald, supra, describes as "escape mechanisms" that "give ample room for metaphysical exercise" (Vol. 3, pp. 1273 and 1275) does, indeed, serve the generally laudable purpose of avoiding the trouble, delay and expense of new trials. But, since such rules are essentially somewhat "technical" in tending to resolve, at the expense of one of the litigants, a situation wherein the

intent of the jury is actually in doubt, new ones should not be adopted nor the established ones extended, except with considerable caution. With this policy in mind we conclude that justice will be better served in the instant and similar cases by not disregarding the answers creating the conflict, even though they were given in violation of the conditions attached to the corresponding issues. We thus avoid the not at all unlikely possibility of a final decision based on findings that the jury did not intend. At the same time we obviously do not increase the likelihood that juries will disregard instructions, nor in the least discourage the practice of conditional submissions nor, in our judgment, add materially to the existing burden of retrials of jury cases.

Naturally our holding displaces any express or implied rule of the above discussed decisions that may be in conflict with it.

The judgments below are reversed and the cause is remanded for a new trial.

Opinion delivered December 5, 1956.