**REPUBLIC BANKERS LIFE INS. CO.,**
**Appellant,**

**v.**

**Clint HERRING, Appellee.**

**No. 4977.**

Court of Civil Appeals of Texas,
Waco.

Feb. 11, 1971.

**744**

Beard & Kultgen, Thomas L. Cook, Waco, for appellant.

Campbell & Crouch, Hamilton, for appellee.

## OPINION

WILSON, Justice.

Appellant issued to appellee a hospital, surgical and medical insurance policy on which appellee sued to recover benefits.

Appellant pleaded as policy defenses, among others, that the illnesses for which insured was hospitalized were in existence before the policy was issued, and that they originated within six months after the policy date. The insurer pleaded as a policy exclusion that insured had taken an overdose of sleeping pills, as to which the policy excluded loss resulting wholly or partly from use of narcotics. Insured was hospitalized three times: (1) November 29—Dec. 8, (2) January 8–10, and (3) January 29–February 6.

Special issue No. 1 was: "Do you find from a preponderance of the evidence that the hospitalization" (1 above) "was not made necessary by preexisting illness? Answer We do, or We do not". The jury answered, "Yes, we do not".

No motion was made to disregard this answer under Rule 301, Texas Rules of Civil Procedure. Judgment was rendered on the verdict, including this finding, that insured recover benefits claimed, penalty and attorneys fees.

The burden of proof is on insured, under Rule 94, to negative pleaded exceptions and exclusions. Sherman v. Provident American Insurance Company (Tex. Sup.1967) 421 S.W.2d 652, 654, syl. 5.

Obviously the nonresponsive answer to issue No. 1 is either a finding favorable to appellant insurer to the effect that the jury failed to find the hospitalization was not made necessary by a preexisting illness, C & R Transport Co. v. Campbell (Tex.Sup.1966), 406 S.W.2d 191; See Gulf, C. & S. Ry. Co. v. Giun, 131 Tex. 548, 116 S.W.2d 693, 695; or it is so ambiguous that no judgment is authorized on the finding. See Texas Employers' Ins. Ass'n. v. Collins, 156 Tex. 376, 295 S.W.2d 902. Insured thus failed to obtain a necessary finding negativing the pleaded exclusion.

Appellee urges that the court was authorized to render judgment despite the answer, or to "find as a matter of law that the answer to special issue No. 1 should be 'We do'". Under Rule 301 the court is not empowered to disregard the finding on its own initiative and in the absence of a motion. Christopherson v. Whittlesey (Tex.Civ.App., 1946, writ ref. n.r.e), 197 S.W.2d 384 and cases cited; Beal v. Great American Indem. Co. (Tex.Civ.App., 1959), 322 S.W.2d 399; McPherson v. Black (Tex.Civ.App., 1961, writ ref. n.r.e.), 346 S.W.2d 615.

The trial court may render judgment non obstante veredicto or disregard a jury finding only when there is no evidence, Leyva v. Pacheco (1962), 163 Tex. 638, 358 S.W.2d 547; and not where there is merely insufficient evidence. The court's power in the latter instance is limited to granting a new trial. Travelers Ins.

Co. v. Sides (Tex.Civ.App., 1966, writ ref. n.r.e.), 403 S.W.2d 519; cases cited, Deal v. McLeroy (Tex.Civ.App., 1961), 346 S.W.2d 934. The evidence in this case does not meet the stated requirement.

■ The trial court is not authorized to make findings of fact, as appellee moved the court to do, and as he contends was done, in a case decided by a jury. Ditto v. Ditto Investment Co. (1958), 158 Tex. 104, 309 S.W.2d 219, 220.

Special issue No. 4 reads: "Do you find from a preponderance of the evidence that the hospitalization" (3 above) "was not made necessary by a pre-existing illness" of insured. "Answer Yes or No." The jury answered, "Yes we do not believe it was caused by pre-existing illness". Appellant makes no specific attack on this finding, but assails the judgment as a whole because plaintiff did not obtain a jury finding that the illnesses for which he was hospitalized did not originate within six months after the policy date, May 8, 1968. The first hospitalization was November 29, 1968, more than six months after the policy was issued. The court defined "pre-existing illness" as one which was "contracted or originated prior to" May 8, 1968.

■ No objection was made to the charge on the ground the issue as to time of origination was omitted, and no request for submission of the issue (relied on by appellant, but on which appellee insured had the burden of proof), was made. No complaint as to the finding in answer to issue No. 4 is preserved. See Hardware Dealers Mut. Ins. Co. v. Berglund (Tex. Sup.1965), 393 S.W.2d 309; Hodges, Special Issue Submission in Texas (1959), Sec. 83, p. 216; McDonald, Texas Civil Practice (1970 rev.) Secs. 12.27.1, p. 409; 12.32.2, p. 420.

There is no direct attack on the finding in answer to issue No. 3, or as to judgment based on that finding.

Since there is nothing in the record from which computation of amounts which are due resulting from hospital confinements (2) and (3) may be made so as to distinguish them from hospitalization (1), there is no basis for rendition of judgment here.

Appellant's other points are not reached. Reversed and remanded.