**W. H. HOWELL, Appellant,**

**v.**

**HOUSTON FIRE AND CASUALTY INSUR-
ANCE COMPANY, Appellee.**

**No. 5087.**

Court of Civil Appeals of Texas,
Waco.

Nov. 24, 1971.

Rehearing Denied Jan. 6, 1972.

Brown, Brown & Bowen, Inc., Fred R. Brown, Garland, for appellant.

Touchstone, Bernays & Johnston, Webber W. Beall, Jr., Dallas, for appellee.

## OPINION

McDONALD, Chief Justice.

This is an appeal by plaintiff Howell, from judgment for plaintiff for 50% permanent partial loss of use of his right foot, in a workman's compensation case, plaintiff asserting that under the jury verdict, he was entitled to a judgment for total permanent disability.

Plaintiff alleged that while in the course of his employment as a painter a scaffold broke, causing him to fall violently to the ground below; that "the impact caused him to be severely injured about his right foot and about his spine and back and body generally, including the muscles, ligaments and tendons in his low back"; and that he was totally and permanently incapacitated; and further that the injury to his right foot extended to or affected other parts of his body other than the right foot thereby causing total incapacity.

Trial was to a jury which found:[1]

1) 2) Plaintiff was injured June 15, 1968, in the course of his employment.

3) Plaintiff sustained total incapacity following such injury.

4) Such injury was a producing cause of such total incapacity.

5) Total incapacity began June 15, 1968.

6) Such total incapacity is permanent.

14) Failed to find the injury to plaintiff's right foot resulted in total loss of use of the foot.

17) Plaintiff will suffer partial loss of use of his right foot.

18) Such partial loss is permanent.

20) Partial loss of use of right foot is 50%.

21) The injury to plaintiff's right foot extended to or affected parts of the body other than the right foot, thereby causing incapacity.

22) Such incapacity began June 15, 1968.

23) Such incapacity is total.

24) Do you find from a preponderance of the evidence that the incapacity, if any, of plaintiff is not caused solely by the injury to plaintiff's right foot? To which the jury answered: "It is caused solely by the injury to the plaintiff's right foot."

25) Do you find from a preponderance of the evidence that the injury, if any, to plaintiff's back was a producing cause of such incapacity, if any? To which the jury answered: "It was not a producing cause".

26) Do you find from a preponderance of the evidence that the injury to plaintiff was not confined solely to his right foot? To which the jury answered: "It was not confined solely to his right foot".

27) Do you find from a preponderance of the evidence that the incapacity, if any, of plaintiff is not caused solely by the loss of use, if any, of plaintiff's right foot? To which the jury answered: "It is caused solely by the loss of use of plaintiff's right foot".

Plaintiff moved for judgment for "total permanent" on the verdict, and defendant moved for judgment for plaintiff for benefits "of 50% loss of use of the foot", on the verdict.

The trial court granted defendant's motion and rendered judgment for plaintiff for $432.50 ($2187.50 less $1755.00 already paid), representing benefits for 50% loss of use of the right foot.

Plaintiff appeals contending among other things:

The trial court erred in failing to render judgment for plaintiff for total and permanent benefits, on the jury's verdict.

---

1. Issues pertinent to disposition are quoted in full; others are summarized.

Plaintiff plead injury to his right foot, to his spine, back, and low back, and further that the injury to his right foot extended to or affected other parts of his body causing total permanent incapacity.

Plaintiff is entitled to judgment for the largest sum recoverable under the verdict of the jury. McCartney v. Aetna Cas. & Surety Co., Tex., 362 S.W.2d 838.

The jury by its answers to Issues 1 through 6 found plaintiff sustained a general injury which produced total permanent incapacity; and its answers to Issues 21 through 23 in conjunction with its answers to 1 through 6 establish total and permanent incapacity.

Finding 25 negates recovery by plaintiff for recovery of total incapacity resulting from the injury to his back. And finding 26 establishes plaintiff's injuries were not confined solely to his right foot.

Defendant asserts the jury's answers to Issue 27 negates plaintiff's cause of action for total permanent disability, and limits his recovery to partial loss of use of his right foot.

The jury's answer to Issue 27 finds that plaintiff did not prove his incapacity was not caused solely by the loss of the use of his right foot, but is not a finding that his incapacity was caused solely by the loss of use of his right foot. C & R Transport, Inc. v. Campbell, Tex., 406 S.W. 2d 191; Texas Gen. Indem. Co. v. Dickschat, Tex.Civ.App., NRE, 440 S.W.2d 922; McCartney v. Aetna Cas. & Surety Co., supra.

We think under the jury's verdict plaintiff entitled to judgment for total and permanent benefits.

Plaintiff's contention is sustained.

The judgment is reformed to decree plaintiff $11,593.97 ($13,368.97 less $1755. already paid), and as reformed is affirmed. Costs of appeal assessed against appellee.

Reformed and affirmed.