**HOUSTON FIRE AND CASUALTY INSURANCE COMPANY, Petitioner,**

v.

**W. H. HOWELL, Respondent.**

**No. B–3218.**

Supreme Court of Texas.

July 26, 1972.

Rehearing Denied Oct. 4, 1972.

Touchstone, Bernays & Johnston, Webber W. Beall, Jr., Dallas, for petitioner.

Brown, Brown & Bowen, Inc., Fred R. Brown and James F. Bowen, Garland, for respondent.

CALVERT, Chief Justice.

In this workmen's compensation case, tried to a jury, the trial court rendered judgment for the plaintiff, W. H. Howell, for $432.50 for partial loss of use of his right foot, after crediting the defendant insurer with $1,755 theretofore paid. The plaintiff appealed. The court of civil appeals reformed the trial court's judgment and awarded the plaintiff a recovery of $13,368.97 for total and permanent general incapacity, less $1,755. 474 S.W.2d 924. We reverse the judgment of the court of civil appeals and affirm the judgment of the trial court.

Plaintiff, a painter, alleged that while he was painting a house the scaffolding on which he was standing broke and fell, throwing him to the ground from a height of six to eight feet and causing injuries to his right foot and to his spine and back and body generally.

In answer to special issues nos. 1 through 7, the jury found that Howell sustained an injury on June 15, 1968 in the course of his employment and that such injury was a producing cause of total incapacity which he had suffered, which total incapacity began on the day of the injury and would be permanent. In answer to special issues nos. 17, 18 and 20, the jury found that as a result of injury to his right foot Howell had suffered a permanent 50 percent loss of use of that foot. The jury's answers to special issues nos. 21, 22, 23 and 26, all made from a preponderance of the evidence, may be summarized as follows:

21) The injury "to plaintiff's right foot extended to *or* [1] affected parts of the body other than the right foot, thereby causing incapacity."

22) The incapacity began on June 15, 1968.

23) The incapacity is total.

26) Plaintiff's injury was not confined solely to his right foot.

Special issues nos. 24, 25 and 27 need special notice and attention. Those issues, ancillary instructions and the jury's answers, read:

"SPECIAL ISSUE NO. 24

Do you find from a preponderance of the evidence that the incapacity, if any,

---

1. Emphasis ours unless otherwise indicated.

of plaintiff is not caused solely by the injury to plaintiff's right foot?

ANSWER 'It is caused solely by the injury to plaintiff's right foot'

or

'It is not caused solely by the injury to plaintiff's right foot'

ANSWER 'It is caused solely by the injury to the plaintiff's right foot.'

"SPECIAL ISSUE NO. 25

Do you find from a preponderance of the evidence that the injury, if any, to plaintiff's back was a producing cause of such incapacity, if any?

ANSWER 'It was a producing cause' or 'It was not a producing cause'

ANSWER 'It was not a producing cause' "

. . . .

"SPECIAL ISSUE NO. 27

Do you find from a preponderance of the evidence that the incapacity, if any, of plaintiff is not caused solely by the loss of use, if any, of plaintiff's right foot?

ANSWER 'It is caused solely by the loss of use of plaintiff's right foot'
or

'It is not caused solely by the loss of use of plaintiff's right foot'

ANSWER 'It is caused solely by the loss of use of plaintiff's right foot' "

■ The jury's answers to the quoted issues may only be interpreted as a refusal to make findings from a preponderance of the evidence, and they have no more legal significance than if an answer of "no" had been authorizd and given. See C. & R. Transport, Inc. v. Campbell, 406 S.W.2d 191, 194 (Tex. 1966); Sproles v. Rosen, 126 Tex. 51, 84 S.W.2d 1001 (1935). Thus interpreted, the jury refused to find from a preponderance of the evidence (24) that

plaintiff's incapacity was "*not* caused solely by the injury to plaintiff's right foot"; (25) that the "injury . . . to plaintiff's back was a producing cause of such incapacity . . ."; and (27) that plaintiff's incapacity was "*not* caused solely by the loss of use . . . of plaintiff's right foot."

The parties differ as to which should have had the burden of proof on the matters inquired about in special issues 24 and 27, defendant contending that it was properly placed on the plaintiff and plaintiff contending that it should have been placed on the defendant. Viewed in context of the entire verdict, resolution of the question is immaterial; even if the issues had been worded to place the burden on the defendant to prove by a preponderance of the evidence that plaintiff's incapacity had been caused solely by the injury to his right foot, or solely by loss of use of his right foot, and the jury had not made either of these findings, plaintiff yet would not have been entitled to recover benefits for total and permanent general incapacity. This conclusion is required by the other jury findings.

Viewed realistically, the jury's findings on general incapacity may be summarized thusly: The plaintiff suffered an injury which was not confined solely to his right foot, and from his injury or injuries he suffered total and permanent general incapacity; but, while being satisfied from a preponderance of the evidence that the injury to plaintiff's foot "extended to or affected" other parts of the body, thereby causing incapacity, the jury was not satisfied from a preponderance of the evidence that an injury to his back was a producing cause of his incapacity, or that his incapacity was not caused solely by his foot injury or by the loss of use of the foot. The net result is that the only possible finding upon which a judgment for total and permanent general incapacity can rest is in the jury's answer to issue no. 21 that the injury to plaintiff's foot "extended to or affected" other parts of his body, thereby causing in-

capacity. The court of civil appeals recognized this as a fact when it said (474 S.W.2d at 926):

"The jury by its answers to Issues 1 through 6 found plaintiff sustained a general injury which produced total permanent incapacity; and its answers to Issues 21 through 23 in conjunction with its answers to 1 through 6 establish total and permanent incapacity."

■ Defendant attacks the foregoing conclusion of the court of civil appeals by several points of error. It argues that special issue no. 21, by failing to inquire whether the injury to plaintiff's foot "extended to *and* affected" other parts of the body, did not inquire as to an ultimate fact and the jury's answer did not find an ultimate fact of general injury. In its answer to the application for writ of error, plaintiff agrees that the issue is "improperly framed and would [will] not support the Court of Civil Appeals' award of total and permanent benefits. . . ." We agree, and have so held. See Texas Employers' Insurance Association v. Shannon, 462 S.W.2d 559 (Tex. 1970); Travelers Insurance Company v. Marmolejo, 383 S.W.2d 380 (Tex. 1964). But plaintiff argues that under our decision in McCartney v. Aetna Casualty & Surety Company, 362 S.W.2d 838 (Tex. 1962), the jury's answers to the first six special issues entitle him to benefits for total and permanent incapacity irrespective of the answers to the other issues. We disagree.

The problem in this case is not the same as the problem in *McCartney*. In that case the plaintiff sought and obtained jury findings that he had sustained an accidental injury which was a producing cause of partial incapacity, compensable under Sec. 11 of Art. 8306, Vernon's Ann. Civ. St., as a general injury incapacity, and which was also a producing cause of partial loss of use of plaintiff's foot, compensable under Sec. 12 of Art. 8306 as a specific injury incapacity. The trial court awarded a judgment for benefits for general inca-

pacity. Aetna attacked the judgment on the ground that the injury issue was too general; that it was impossible to tell whether the jury found a general injury as shown by the evidence or only a specific injury as shown by the evidence. We upheld the trial court's judgment, pointing out that the injury issue was in the general form approved by us in Southern Underwriters v. Parker, 129 S.W.2d 738 (Tex. Civ. App.—Beaumont 1939, writ ref'd); Southern Underwriters v. Boswell, 138 Tex. 255, 158 S.W.2d 280 (1942); and Maston v. Texas Employers' Insurance Ass'n, 160 Tex. 439, 331 S.W.2d 907 (1960).

■ We have thus held in the cited cases that it is not error, but proper, to submit a general injury issue in general terms and to refuse to submit issues as to each of several injuries which together may be the producing cause of general incapacity. On the other hand, we have not held that it is error to submit separate issues as to distinct injuries being the producing cause of general incapacity, or that the jury's answers to such issues, when submitted, are immaterial. That was the procedure followed here, without objection by, and, therefore, with the implied consent of the plaintiff. The evidence established conclusively that the only injuries sustained by plaintiff were to his back and his right foot. The general incapacity suffered by the plaintiff was necessarily produced by the injury to his back or by the injury to his foot extending to *and* affecting other parts of his body. The jury refused to find that the injury to his back was a producing cause of general incapacity; it found that the incapacity was produced by the injury to the foot which extended to *or* affected other parts of the body. By reason of the first of the two findings, plaintiff's right, if any, to recover benefits for general incapacity must rest on the latter of the two findings which under *Shannon* and *Marmolejo* it may not do. The first of the issues may not be disregarded as immaterial. Texas Employers' Insurance Association v. Collins, 156 Tex. 376, 295 S.W.2d 902 (1956).

The judgment of the court of civil appeals must be reversed. Our final problem is whether to affirm the judgment of the trial court or to reverse that judgment also and remand the cause for a new trial. The jury's answers to special issues 17, 18 and 20 form a sound basis for the trial court's judgment and that judgment must be affirmed as an errorless judgment unless the plaintiff, as appellant, had before the court of civil appeals points of error, which, if sustained, would require a judgment of reversal and remand.

The only reversal and remand point of error plaintiff had before the court of civil appeals, not considered above, concerns a communication by the trial judge with the jury. When the jury first returned its verdict, the judge declined to receive it and gave the jury a written instruction reading:

> "Ladies & Gentlemen of the Jury:
> There appears to be a conflict between the jury's answers to Special Issues No. 21, 24, 25, and 27. Please try to resolve such conflict."

There is no showing in the record that plaintiff objected at the time to the court's action or communication, and the point of error cannot, therefore, be sustained. Plaintiff could not tacitly agree to the court's action by failing to object and then benefit by his own inaction if thereafter changes were made which were adverse to him. Burnett v. Rutledge, 284 S.W.2d 944 (Tex. Civ. App.—Amarillo 1955, writ ref'd n. r. e.).

The judgment of the court of civil appeals is reversed and the judgment of the trial court is affirmed.

Dissenting Opinion by REAVLEY, J.

REAVLEY, Justice (dissenting).

By the answers to the first six special issues the jury found that plaintiff was injured in the course of his employment on June 15, 1968, that total incapacity began then, and that the total incapacity is permanent. The jury also found in answer to special issue No. 26 that the injury was not confined to the foot. Under the record the latter finding must be taken as confirming plaintiff's back injury.

It has been said heretofore that the plaintiff need not go further and obtain a particular finding that the back injury was a producing cause of the incapacity. In McCartney v. Aetna Casualty & Surety Company, 362 S.W.2d 838 (Tex.1962) the judgment for the plaintiff was based upon findings not materially different from the first six issues of the present case. The defendant argued that it was impossible to determine whether the jury regarded the specific injury as the only producing cause of incapacity. This court said:

> "In a case such as this, it is sufficient to say that if the insurer desires to limit the claimant's recovery to the compensation recoverable under the provisions of Section 12 or seeks to otherwise separate the effects of general and specific injuries, the burden rests with the insurer to either request appropriate special instructions to the jury, in connection with the general injury issue, or plead, prove and secure jury findings so limiting the claimant's recovery." 362 S.W.2d 841.

The difference which I see between this verdict and the McCartney verdict is in special issues 24, 25 and 27 where, with the burden placed upon plaintiff, the jury failed to find that the incapacity was not caused solely by the foot injury or by the loss of use of the foot, or that the back injury was a producing cause of incapacity. I can find no authority for giving these answers any effect. If the plaintiff makes his case for a general injury recovery by the answers to the first six issues, I fail to see how his recovery can be defeated by the answers to issues 24, 25 and 27 unless it is now held that if issues are given to inquire of the allocation of incapacity as between the specific and general injuries, the burden may be placed upon the plaintiff and he must carry that burden and

obtain favorable findings or lose the general injury recovery. I would not further complicate the special issue practice by this new twist.

Plaintiff now recovers only 50% of his compensation rate for 125 weeks, even though the jury has found that he is totally and permanently incapacitated.

I would affirm the judgment of the court of civil appeals.