**ANGELINA CASUALTY COMPANY,
Appellant,**

**v.**

**Nelson JONES, Appellee.**

**No. 7450.**

Court of Civil Appeals of Texas,
Beaumont.

March 22, 1973.

Rehearing Denied April 12, 1973.

Renfrow, Zeleskey, Cornelius, Rogers &
Berry, Lufkin, for appellant.

Chandler & Weed, Lufkin, for appellee.

KEITH, Justice.

Defendant below appeals from a judgment which awarded plaintiff disability benefits under the Workmen's Compensation Law. The jury found that plaintiff's

injury was the producing cause of both total and partial incapacity, each of which was permanent. The total disability, according to the findings, began on May 8, 1967 (date of injury) while the partial disability began "December 1967."

Neither party requested that the jury be retired for further deliberations and the verdict was received and filed. Plaintiff moved for judgment on the verdict while defendant filed its motion for mistrial contending that the findings mentioned were in conflict. The trial court granted plaintiff's motion and entered judgment for total disability for 29⅗ths weeks (May-December) at $35 per week and for partial disability at $25 per week for 300 weeks thereafter.

We turn our attention first to defendant's points which contend that there was a conflict between the jury's answer to Special Issues Nos. 6 [total disability permanent] and 11 [partial disability permanent], and that the trial court erred in failing to declare a mistrial. Each of these issues was conditionally submitted contingent upon a finding in answer to Special Issue No. 1 that plaintiff had received an injury.

In the preliminary instructions contained in the charge, the jury was told: "YOU ARE INSTRUCTED that in connection with the issues on 'Total Incapacity' and 'Partial Incapacity' that total incapacity and partial incapacity can not exist at the same time." Cf. 2 Texas Pattern Jury charges 8 (1970), " 'Short Form' Compensation Charge."

A subsidiary point in this series asserts that since the jury found plaintiff's total disability to be permanent, the trial court was not authorized to substitute its opinion that the jury intended for the total incapacity to last for only 29⅗ths weeks.

Plaintiff responds by saying that he "recognized the conflict in the findings, that Appellee was both totally and permanently disabled and partially and permanently disabled at the same time," but contends

that "the conflict was properly reconciled by the trial court in awarding judgment for a total-temporary disability for that period of time between the two dates [May-December] found by the jury and thereafter for partial-permanent incapacity."

■■ The rule governing our consideration of these points is to be found in Casualty Underwriters v. Rhone, 134 Tex. 50, 132 S.W.2d 97, 99 (1939), where the court said:

"It will never be presumed that jurors intend to return conflicting answers, but the presumption is always to the contrary. Courts properly refuse to strike down answers on the ground of conflict, if there is any reasonable basis upon which they may be reconciled."

And, it is the duty of the court to reconcile apparent conflicts in jury findings if reasonably possible. Ford v. Carpenter, 147 Tex. 447, 216 S.W.2d 558, 562 (1949); Indemnity Insurance Co. of North America v. Craik, 162 Tex. 260, 346 S.W.2d 830, 831 (1961); Traywick v. Goodrich, 364 S.W.2d 190, 191 (Tex.1963).

Defendant places primary reliance upon Texas Employers' Insurance Association v. Collins, 156 Tex. 376, 295 S.W.2d 902 (1956), wherein the cause was reversed and remanded because of the conflicting findings. There the plaintiff recovered judgment for total and permanent incapacity notwithstanding the jury found that such total incapacity would exist for only 26 weeks. The jury also found that Collins suffered only 25 per cent partial incapacity which was permanent. Being unable to reconcile the findings, the court reversed the judgment and remanded the cause because it was of the opinion that "justice will be better served" in so doing. (295 S.W.2d at 906)

Plaintiff asserts that Collins is inapposite since he chose to enter judgment for the lesser of the two amounts which the conflicting findings would have entitled him to recover. He supports this position

by reliance upon Texas General Indemnity Company v. Villa, 297 S.W.2d 231 (Tex. Civ.App., Eastland, 1956, error ref. n.r.e.), where the jury found total and permanent incapacity *and* partial incapacity of 100 per cent which was permanent, a judgment for the lesser recovery was sustained. *Villa* was followed by this court in Houston Fire & Casualty Ins. Co. v. Brittian, 392 S.W.2d 604, 605 [Tex.Civ.App., Beaumont, 1965, reversed on other grounds, 402 S.W.2d 509 (Tex.1966)].

 There is no conflict in the findings of total-partial incapacity during the May-December interval of time; under the jury's answers to the issues, plaintiff's incapacity during that period was total. It is only the period subsequent to December that the two answers conflict. Under No. 6, plaintiff was entitled to judgment for his compensation for total disability as the rate of $35 for 371⁴⁄₇ths weeks *after* December; under No. 11, he was entitled to judgment at the rate of $25 for only 300 weeks after December. Plaintiff's acceptance of the lesser amount was a waiver of his right to the larger recovery. If plaintiff were the one complaining here, we would be required to sustain the point. Fidelity & Casualty Co. v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955, 958 (1940). Defendant has not been harmed by this election and the entry of the judgment for permanent partial disability. *Villa,* supra. Points four, five and six are overruled.

Defendant claims that the court erred in the form of submission of plaintiff's wage earning capacity during the period of partial incapacity. By other points, defendant contends that there was no evidence, or insufficient evidence, to sustain the jury's finding as to wage earning capacity. We will discuss the points jointly.

It was stipulated, *out of the presence of the jury,* that plaintiff had worked at least 210 days for the employer in the year preceding his accident and that his average weekly wage was $83.60. Nevertheless, ig-

noring the first caveat to 2 Texas Pattern Jury Charges 79, § 22.11 (1970), the court submitted the issue in the language of § 22.11 and not, as suggested by the text, in the words of § 22.12. The jury found $41.80 to be "the difference between his average weekly wage before the injury and his average weekly earning capacity during such partial incapacity."

In clear and concise language, defendant's objections to the charge called the matter to the attention of the court. Now it urges that "there was no evidence before the jury from which it could determine a 'difference' or 'reduction.'" However, a review of the record undermines defendant's position.

Plaintiff testified that he was being paid at the rate of $2.09 per hour and worked five days a week for a forty hour work week. His medical witness testified that plaintiff had a 50 per cent partial permanent disability. Under plaintiff's testimony, his weekly wage was $83.60; his doctor said that he had suffered a diminution of 50 per cent in wage earning capacity; and, the jury found $41.80, precisely 50 per cent of his actual wage rate.

 It was clearly plaintiff's burden to prove the "difference between his average weekly wages before the injury and his average weekly wage earning capacity during the existence of such partial incapacity." Art. 8306, § 11, Vernon's Ann.Civ.St.; and this is true, regardless of where the comma is placed, Indemnity Insurance Co. of North America v. Craik, supra (346 S.W.2d at 832); Employers Reinsurance Corporation v. Holland, 162 Tex. 394, 347 S.W.2d 605, 606 (1961).

Granted that it was error to submit the issue in the form used under the record as it then, existed, we are not persuaded that such was reversible error. If no stipulation had been made, the issue as submitted would have been proper since there was testimony which would support a finding of diminution of earning capacity. The

**250**

mere fact that unknown to the jury the parties had stipulated to the precise amount supported by the testimony, does not disclose reversible error. Defendant's first three points are overruled. Rule 434, Texas Rules Civil Procedure; Duncan v. Smith, 393 S.W.2d 798, 804 (Tex.1965); Calvert, "The Development of the Doctrine of Harmless Error in Texas," 31 Tex. Law.Rev. 1 (1952).

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.