## ACREY et al. v. CASTLEBERRY et al. (No. 707.)

(Court of Civil Appeals of Texas. Beaumont. June 21, 1921. Rehearing Denied June 29, 1921.)

1. Homestead ⊜⇒13—One cannot have both rural and urban homestead.

One cannot have both a rural and an urban homestead.

2. Appeal and error ⊜⇒1008(1)—Trial court's conclusion on issue of fact must be sustained.

On an issue of fact as to abandonment of homestead, the trial court's conclusion must be sustained.

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Suit in partition by B. C. Castleberry and others against Horace Acrey and others, in which Lige Acrey intervened. Judgment for plaintiffs, and defendants appeal. Affirmed.

A. A. Seale and S. W. Blount, both of Nacogdoches, for appellants.

Harris & Harris, of Nacogdoches, for appellees.

WALKER, J. This was a suit in partition. During the lifetime of his wife, Mary, Lige Acrey and his family, negroes, had their homestead on four acres of land, her separate property. She left surviving her Lige and five children. Lige soon married again and made his home with his wife on property owned by her in the town of Nacogdoches. His former homestead was in the country. Appellee bought the interest of two of Lige's children in the homestead, and then filed suit against the others for partition. Lige intervened, claiming a homestead interest in the land. The case was tried to the court without a jury. Judgment was rendered ordering a partition. Appellants duly excepted, and on their motion the trial court filed conclusions of fact and law. They concede that the only question in the case is their assignment attacking the trial court's conclusion of fact that Lige had abandoned his homestead claim in the property in controversy. This assignment is overruled. Appellants make the statement that Lige is now living with his second wife on property owned by her, and which constitutes their homestead. They say if the second wife was dead, and "Lige was claiming homestead rights in her home, a different question would arise."

[1, 2] Lige could only claim such a right in his wife's property on the theory that it was his and her homestead. He cannot have both a rural and an urban homestead. Though he has cultivated his old homestead a part of the time since his wife's death, and possibly has kept some of his personal property on the old homestead, and has had access thereto at all times since his wife's death, in view of the entire record, the most that could be said in Lige's favor is that he raised an issue of fact that he had not abandoned his homestead claim, and the trial court's conclusion of fact against him must be sustained by us. As we construe appellants' authorities (Foreman v. Meroney, 62 Tex. 723; Powell v. Naylor, 32 Tex. Civ. App. 340, 74 S. W. 338; Flynn v. Hancock, 35 Tex. Civ. App. 395, 80 S. W. 246; Hall v. Fields, 81 Tex. 558, 17 S. W. 82; Baum v. Williams, 41 S. W. 841; and Clements v. Maury, 50 Tex. Civ. App. 158, 110 S. W. 185), they support this conclusion, especially Foreman v. Meroney.

The judgment of the trial court is in all things affirmed.