O. V. Alexander et al. v. W. H. Wilson et ux.

No. 6303.   Decided January 23, 1935.
(77 S. W., 2d Series, 873.)

*True Strong*, of Nocona, and *Benson & Benson*, of Bowie, for plaintiffs in error.

The Court of Civil Appeals erred in holding that the provision of the deed of trust in question to the effect that the property covered thereby did not constitute any part of defendant's homestead, together with the fact that such parties were not living on such property at the time of the execution of said trust deed, did not come within the rules of or constitute estoppel by deed or contract, for the reason that said provision was a material part of and affected the validity of the deed of trust which constituted the contract between the parties. Also,

in holding that the provision of the deed of trust relating to the homestead was a mere incident of the contract and amounted to no more than mere representations, for the reason that said provision constituted and was a very material part of the contract affected the rights of the parties in relation to the property covered by such lien. Williams v. Hardie, 85 Texas, 499, 22 S. W., 399; Carstens v. Landrum, 17 S. W. (2d) 803; 21 C. J., 1111.

*Glen Wilson* and *Homer B. Latham,* both of Bowie, for defendants in error.

On question of estoppel: Purdy v. Grove, 35 S. W. (2d) 1078; American Exchange Natl. Bank v. Jefferies, 36 S. W. (2d) 558; Blankz v. First Natl. Bank, 44 S. W. (2d) 393.

MR. PRESIDING JUDGE HARVEY delivered the opinion of the Commission of Appeals, Section A.

This suit was brought by the heirs of R. R. Alexander, deceased, against W. H. Wilson and Ruby Wilson, husband and wife, on a promissory note; and for foreclosure of a mortgage on a tract of 320 acres of land in Montague County. The Wilsons set up a homestead claim to 200 acres of the tract. At the trial, the court peremptorily instructed a verdict for the plaintiffs. Judgment was entered for the plaintiffs against W. H. Wilson, for the amount sued for, with foreclosure of the mortgage lien on the entire tract. The Court of Civil Appeals reversed the judgment and remanded the cause. 50 S. W. (2d) 440.

Omitting immaterial details, the facts are as follows:

In the year 1924, and for sometime prior thereto, the Wilsons resided on the said tract of land as their home. We will call this tract "the farm." In the latter part of the year 1924, the Wilsons moved from the farm to the town of Nocona, in said county, to reside at a place in town that belonged to their infant son. They were residing there at the time the mortgage in question was given, but intended at the time they moved to town to return to the farm to live, and, had such intention when the mortgage was given. The note sued on was executed by the Wilsons, on March 23, 1926, to R. R. Alexander, for money loaned by the latter to them at the time. To secure the note, the Wilsons duly executed the mortgage on the farm. The mortgage recited that: "It is agreed and understood that the above described property is not our homestead, and not considered any part of our homestead." After the Wilsons moved to town, Mr. Wilson continued to use the farm for the

raising of live stock, and he cultivated a part of the land. He was so using the property at the time the mortgage was given. In reply to the homestead plea of the Wilsons, the plaintiffs plead the above quoted provision of the mortgage, and alleged facts to show an estoppel.

██ The provision quoted from the mortgage has all the force and effect of a fact declaration that no part of the farm was the home of the mortgagors, and no part was intended to be. This declaration was false if the testimony given by the mortgagors at the trial be true. The question for decision is whether the declaration estops the mortgagors to deny the truth of the declaration. There can be no doubt that the declaration induced the loan, although there is no positive testimony to this effect. An inference that it did not, would be unreasonable. The particular point to be considered is whether the mortgagee had the right to rely on the declaration, in making the loan and taking the mortgage. He had such right, unless the visible circumstances, existing at the time, were of such import as to apprise him of the fact that the farm was the home of the mortgagors. That the circumstances were deficient in this respect, is plain. The mortgagors resided in town. The use being made of the farm was not appurtenant to their residence there. Woolfolk v. Rickets, 48 Texas, 28. Where homestead claimants reside in a city or town, the law does not regard a use of rural land as being a use for the purposes of a home. Const. Art. 16, sec. 51; Philleo v. Smalley, 23 Texas, 498; Houston & G. N. Ry. Co. v. Winter, 44 Texas, 597.

█ Even if known to the mortgagee in the instant case, the circumstance that the place in town did not belong to the mortgagors, would not prevent an estoppel from rising against them. This circumstance, too, was consistent with an abondonment of the home on the farm. Woolfolk v. Rickets, 41 Texas, 358; Reece v. Renfro, 68 Texas, 192. So at last, the homestead character of land on the farm depended solely on the intention of the mortgagors—particularly that of the husband. The rule is firmly established that where the facts known to the mortgagee at the time, and those of which he is required to take notice, are consistent with the declared intention of the mortgagors, their declaration may estop them from asserting their homestead claim. Parish v. Hawes, 95 Texas, 185; Carstens v. Landrum, 17 S. W. (2d) 803; Equitable Mortgage Co. v. Norton, 71 Texas, 683; Llewellyn v. First Natl. Bank, 265 S. W., 222, and cases there cited.

The case of Texas Land & Loan Co. v. Blalock, 76 Texas,

85, is not in point. There the visible circumstances, existing at the time the mortgage was given, revealed unequivocally that the mortgaged property was in fact the home of the mortgagors. They actually resided on the place. Of this fact, the mortgagee stood charged with notice, and therefore had no right to rely on the false declaration of the mortgagors.

The judgment of the Court of Civil Appeals is reversed, and that of the trial court is affirmed.

Opinion adopted by the Supreme Court January 23, 1935