Tom A. SAVELL, Appellant,

v.

Elmon FLINT et ux., Appellees.

No. 3648.

Court of Civil Appeals of Texas.

Eastland.

May 19, 1961.

Rehearing Denied June 9, 1961.

Bradbury, Tippen & Brown, Abilene, Ponder & Pearson, Sweetwater, for appellant.

Mays, Leonard, Moore & Dickson, Sweetwater, for appellees.

GRISSOM, Chief Justice.

On April 21, 1959, Elmon Flint was indebted to materialmen for materials furnished to build a filling station and restaurant on a highway outside the city limits of Sweetwater. Savell wanted to lease the station for the purpose of selling his oil and gas there. For the purpose of procuring the lease, he paid off the materialmen and took Flint's note for the amount due them, which was secured by a deed of trust executed by Flint and wife on said rural property. The note was not paid. The property was sold under the deed of trust and Savell received a deed from the trustee. This suit was instituted by Savell for the title and possession of the 4 acre tract of land on which said improvements were erected. The Flints defended on the ground that on April 21, 1959, the day the deed of trust was executed, that said 4 acre tract was their homestead and, hence, the deed of trust was void. At the close of the evidence the court dismissed the jury and rendered judgment for the defendants. Savell has appealed.

Savell contends that the court erred in withdrawing the case from the jury and rendering judgment for the defendants because there was an issue of fact raised as to (1) whether said 4 acres was the homestead of the defendants when the deed of trust was executed; that there was evidence that Flint and wife on April 21, 1959, were residing within the city of Sweetwater at a place where they operated a filling station and restaurant; that they represented to Savell that this place, which for convenience we will refer to as the old truck stop, was their homestead; that he relied thereon and was thereby induced to loan the money and pay the materialmen and, therefore, (2) an issue of estoppel was raised and, further, that a fact question was raised as to whether (3) Savell was subrogated to the materialmen's liens which he paid off for Flint.

If it had been conclusively shown that Flint and wife were occupying the 4 acres on which they built a filling station and restaurant building at the time the loan and said representations were made, the court's action might have been correct. But, Savell testified that the Flints were living at the old Skyline Truck Stop in Sweetwater on April 21, 1959, when they executed the deed of trust on the new truck stop and represented that the old truck stop was their home. There was testimony that at said time the Flints had the new station and cafe building "up" and had started a little utility building by the side of the station but that there was then no residence even commenced at the new truck stop. It is undisputed that when the Flints moved to the new truck stop they moved their trailer house from the old truck stop and lived in it. There was evidence that for some time prior to April 21, 1959, the Flints had operated a restaurant and filling station at the old truck stop in town and lived there in a trailer house and that such was the situation on April 21, 1959. The Flints testified

that the old truck stop was operated under a lease; that the lease expired on the last day of February, 1959, but that they continued to operate their business and live there after said time and that they did not cease living and doing business at the old truck stop until they moved to the new truck stop; that they moved the restaurant fixtures to the new truck stop one night and their trailer house the next day. Whether the trailer house was at the old or new truck stop on April 21, 1959, was disputed. Even under the Flints' testimony, which is not conclusive, if they were still living at and operating the old truck stop in town, as appellant testified, they had, at lease, a tenancy at will at the old place and it could have been their homestead. In Cleveland v. Milner, 141 Tex. 120, 170 S.W.2d 472, 475, Judge Smedley, in an opinion adopted by the Supreme Court, said:

> "The most carefully considered opinion on the question is that in Birdwell v. Burleson, 31 Tex.Civ.App. 31, 72 S.W. 446, 450, application for writ of error refused. In that case, after reviewing many cases, the court held that, in view of the liberal policy which should prevail in the construction of our exemption laws, property rightfully and peaceably held in possession, and occupied as the home of the family, should be exempt from forced sale, even though the possession be merely permissive. As a sound reason for its conclusion, the court emphasized the 'fact that it is not simply a sale of the homestead estate which is inhibited by the Constitution, but that it prohibits any interference by judicial process with the possession of the premises.' "

The burden of proof was upon the Flints to prove that the new truck stop was their homestead at the time the deed of trust was executed. The Flints refused to definitely testify that they had begun building any living quarters at the new truck stop when the deed of trust was executed. The attorney who represented both

Savell and the Flints in the preparation of the deed of trust testified without contradiction that when he started to prepare the deed of trust he brought up the question of whether the new truck stop was the Flints' homestead and that both Mr. Savell and Mr. Flint told him that they had made an investigation and that the new truck stop was not the Flints' homestead. Mr. Wright, Savell's son-in-law, testified that he was at the new truck stop two days after the deed of trust was executed and that the Flints were not then living there. There was definite testimony that the Flints were residing at and operating the business in town at the old truck stop on April 21st; that they had said they had a homestead on Bowie Street in Sweetwater, but, when the deed of trust was prepared, both Mr. and Mrs. Flint were asked if their homestead was on Bowie Street and they both declared that it was at the old truck stop and that the new truck stop was not their homestead. There is ample evidence that the Flints did not live at or operate a business at the new but at the old truck stop on April 21st. In Towery v. Plainview Building & Loan Ass'n, Tex.Civ.App., 99 S.W.2d 1039, 1041 (Writ Ref.), the court said:

> "As we understand the law, it is: 'Where no homestead dedicated by actual occupancy exists, effect may be given to ownership, intention and preparation to use for a home, * * *' but when there is a home in fact, such home cannot be 'abandoned while actually used as the home of the family,' and another homestead acquired by intention at sometime in the future to use it as a home, accompanied with preparation to so improve it, as to make it suitable for such a use.' Pierce v. Langston (Tex.Civ.App.) 193 S.W. 745, 747.

> "This holding is supported by an unbroken line of authorities. Jefferson County Investment & Building Association v. Gaddy et ux. (Tex.Civ. App.) 90 S.W.2d 295 (writ denied), and authorities there cited; Adcock v.

National Loan & Investment Co. (Tex.Civ.App.), 96 S.W.2d 530; Evans et ux. v. Galbraith-Foxworth Lumber Co. (Tex.Civ.App.), 51 S.W.2d 831."

It is well established law that:

"* * * so long as the existence of a homestead right depends upon an intention which has not yet ripened into actual occupancy and use, the owner may be estopped by his representations. Llewellyn v. First National Bank (Tex.Civ.App.) 265 S.W. 222, 223; Kempner v. Comer, 73 Tex. 196, 11 S.W. 194; Wootton v. Jones (Tex.Civ.App.) 286 S.W. 680, 687." Weiser v. Travis Cotton Seed Products Co., Tex.Civ.App., 63 S.W.2d 246, 247.

See also Alexander v. Wilson, Tex.Com. App., 77 S.W.2d 873; First Coleman National Bank. v. Childs, Tex.Civ.App., 113 S.W.2d 602 (Writ Ref.); Barton v. Wood, Tex.Civ.App., 175 S.W.2d 437 (Writ Ref.); Roe v. Davis, Tex.Civ.App., 142 S.W. 950, affirmed 172 S.W. 708.

■ The testimony raised a question of fact as to whether the Flints lived at the new truck stop at the time the deed of trust was executed. There was testimony to the effect that at least a part of the new truck stop was to be leased to others. The testimony showed an equivocal situation as to where the Flints then actually resided and claimed their homestead. Under such a situation, they may be estopped to deny their alleged representations that the place where, according to appellant's testimony the Flints then lived and operated a business, was their home.

After a careful study of the record, we are forced to the conclusion that issues of fact as to homestead were raised, and, if upon another trial it should be concluded that the new truck stop was not used and occupied as a homestead at the time the deed of trust was executed, then issues as to estoppel and subrogation should also be submitted. The judgment is reversed and the cause is remanded for another trial.