George W. PRINCE et al., Appellants,

v.

NORTH STATE BANK OF AMARILLO, Appellee.

No. 8281.

Court of Civil Appeals of Texas, Amarillo.

Aug. 21, 1972.

Rehearing Denied Sept. 18, 1972.

C. J. Humphrey, Amarillo, for appellants.

Sanders, Miller & Baker (James C. Sanders), Amarillo, for appellee.

ELLIS, Chief Justice.

This is an appeal from a judgment entered in a trespass to try title suit denying the claim of plaintiffs-appellants for recovery of title to certain tracts of land acquired by the defendant-appellee as purchaser at a foreclosure sale under a deed of trust. The validity of the foreclosure is challenged by the appellants who contend that the property was impressed with exempt homestead status at the time of the execution of the deed of trust. Affirmed.

Jessie Jean Prince and her children, appellants herein, are seeking to set aside a foreclosure sale and recover title to two tracts of land, hereinafter referred to as Tracts Nos. 4 and 5, aggregating approximately 27.95 acres, purchased by North State Bank of Amarillo, appellee herein, at a trustee's foreclosure sale under a deed of trust held by the bank to secure the payment of indebtedness evidenced by a note in the sum of $94,070.60. The note and deed of trust were executed on December 29, 1964, by George W. Prince, who, at that time, was the husband of appellant Jessie Jean Prince. Mrs. Prince did not join in the execution of the note and deed of trust.

The appellants have alleged that the property in question was a part of the rural

homestead of appellant Jessie Jean Prince and her former husband. The original suit was filed by George W. Prince and wife, Jessie Jean Prince, to set aside the note and the deed of trust and to enjoin the trustee's sale of the tracts of land, designated as Tracts Nos. 4 and 5, containing 27.947 acres, and being two of five tracts, containing a total of 59.642 acres, claimed as the rural homestead of the husband, wife and children. The trial court denied the injunctive relief sought, and the Court of Civil Appeals dismissed the appeal as "moot" and expressed no opinion upon the homestead question. Prince et al. v. North State Bank, et al., 425 S.W.2d 476 (Tex. Civ.App.—Amarillo 1968, no writ).

Before the trial of the case on its merits, the Princes were divorced and the children are the successors in interest of George W. Prince. The cause was tried to the court without a jury on the homestead question. From an adverse judgment, the appellants have brought this appeal on nineteen points of error, and the appellee has duly joined issue with its various reply points.

In order to delineate the salient points of the perspective in which this particular homestead problem is presented, we deem it appropriate to overview the evidentiary elements which we consider pertinent to a determination of the basic question submitted in this appeal. There are five tracts of land involved in this suit: Tract No. 1 containing 2 acres; Tract No. 2 containing 16.406 acres; Tract No. 3 containing 13.289 acres; Tract No. 4 containing 25.99 acres; and Tract No. 5 containing 1.95 acres. All of the tracts were acquired as community property during the marriage of appellant Jessie Jean Prince and George W. Prince. The land in dispute includes the above described Tracts Nos. 4 and 5, and Tracts Nos. 1, 2 and 3 are involved only to the extent that their use and occupancy may affect the status of Tracts Nos. 4 and 5.

George W. Prince and Jessie Jean Prince were husband and wife from February 2, 1946 to August 7, 1968. On April 18, 1962, George W. Prince entered into a contract for the purchase of Tracts Nos. 1, 2 and 3. Tract No. 1 was purchased outright from the seller, while it was contemplated that the purchase of Tracts Nos. 2 and 3 would be consummated under the Texas Veterans Land Program. The contract contained, however, special provisions regarding the right of Prince to purchase Tracts Nos. 2 and 3 directly from the seller in the event the transaction for the purchase of the two tracts could not be completed through the Veterans Land Board of Texas. The contract of sale covering the three tracts contained certain restrictive covenants as to the use of the property, indicating a use intended mainly for residential purposes and prohibited the keeping of certain livestock or conducting any commercial enterprise on the land, all of which restrictions did not appear to comport with an intent on the part of the contracting parties at that time that the property be devoted primarily to rural homestead usage.

Tract No. 1 was conveyed to the purchaser on April 18, 1962, and on October 6, 1962, Tracts Nos. 2 and 3 were acquired by the Princes from the Veterans Land Board of Texas under an installment sales contract. The instruments under which the purchaser acquired ownership of Tracts Nos. 1, 2 and 3 did not contain the restrictive covenants set out in the above mentioned contract of sale. Prior to the acquisition of Tracts Nos. 2 and 3 under the Texas Veterans Land Program, and while the original contract of sale containing the restrictions was still outstanding, a barn was constructed on Tract No. 2 in which nine horses and three colts were kept. The family home was built on Tract No. 1 and first occupied as such in October, 1962. Subsequently, Tracts Nos. 1, 2 and 3, being adjacent tracts, were enclosed by a fence, and a well was drilled and a pond constructed on Tract No. 3.

Tract No. 4, containing 25.99 acres, was subsequently acquired by Prince on March 5, 1963. This tract was separated from

Tracts Nos. 1, 2 and 3 by a 60-foot strip of land which had been dedicated as a public roadway. This roadway strip was located immediately north of Tract No. 3 (the most northerly tract of Tracts Nos. 1, 2 and 3) and immediately south of Tract No. 4. The strip was entirely fenced on the south, and it was partly fenced on the north. Tract No. 5, being the 60-foot roadway strip, was subsequently acquired by the Princes on June 4, 1964, after the previously dedicated public roadway was abandoned by order of the Commissioners' Court of Randall County, Texas. An irrigation well was drilled on Tract No. 4, and this land was used to produce feed for their livestock.

During the entire time material to this suit, George W. Prince was a building contractor engaged primarily in the business of building homes, and Mrs. Prince performed interior decoration work in homes constructed by her husband. Also, they had mobile home parks in Amarillo and Oklahoma City.

The deed under which Tract No. 4 was acquired by the Princes contains a provision concerning prepayment privileges by which the vendor's lien and deed of trust lien securing the payment of the indebtedness thereon would be partially released as to 5-acre tracts upon the payment of $500 on each such tract. George W. Prince executed a deed of trust upon Tract No. 4 at the time of his acquisition thereof, and in such instrument disclaimed any intent to claim or use Tract No. 4 as a homestead. Mrs. Prince did not execute this deed of trust on Tract No. 4, but she was present when it was signed and knew the contents, including the representation of homestead disclaimer made therein.

Subsequently, the Princes became involved in financial problems. George W. Prince obtained a loan in the sum of $94,070.60 from the North State Bank evidenced by a note in such sum, dated December 29, 1964, and secured by a deed of trust upon Tracts Nos. 4 and 5. There is no claim that the funds were borrowed or the lien impressed upon the tracts for the purposes of purchase money, improvements or taxes upon the land. The deed of trust contained the following representation:

"I, George W. Prince, not joined by my wife for the reason that neither of the tracts hereinbelow specifically described, or any part thereof, has ever constituted any part of our homestead. . . ."

After default in the payment of the note secured by the deed of trust, the foreclosure sale was held on July 4, 1967, at which sale the appellee bank purchased the land and received a trustee's deed.

None of the five tracts of land had been rendered or carried on the tax rolls as homestead property of the Princes. On June 28, 1966, after the execution of the deed of trust in question and prior to the foreclosure, George W. Prince and wife, Jessie Jean Prince, executed a homestead designation of Tracts Nos. 1, 2 and 3 to "straighten out" the tax rolls to show the portion of their land claimed as homestead for the years of 1963, 1964 and 1965. The instrument so designating the three tracts contains the following language:

"The hereinabove described land is and has been used by us as our homestead for several years, and we further declare that we have no intention of establishing our homestead elsewhere than upon the above described land."

Tracts Nos. 4 and 5, the land involved in this suit, were not included, but were, in effect, excluded from this homestead designation relating to their land during the entire period of their ownership of the five tracts.

It is here noted that Mr. Prince was named as the only grantee or purchaser in each of the various instruments by which the community ownership of the five tracts was acquired. Also, Mrs. Prince did not join in the execution of the original contract under which the right to purchase

Tracts Nos. 1, 2 and 3 was acquired. Further, she did not join in the original deed of trust on Tract No. 4 given at the time the property was acquired and which set out that the tract was no part of their homestead, but she was fully aware of such deed of trust and representations made therein. Also, she did not join in the deed of trust involved in this suit, but she knew of her husband's financial problems and, in any event, became aware of this deed of trust when the bank requested her to sign it. There is no evidence that she declined to sign the instrument because she was claiming the property as a homestead. Further, the one and only instrument involving any of the five tracts in which she joined was the designation of Tracts Nos. 1, 2 and 3 made in 1966 regarding the homestead exemption for tax purposes, indicating that such three tracts and none other had been their homestead for several years, including the period of their ownership of the tracts here in question.

Pursuant to appellants' request, the trial court made its findings of fact and conclusions of law. In summary, the court made the following basic findings relative to the alleged homestead status of Tracts Nos. 4 and 5: (1) the tracts had not been acquired or used by the Princes with the intention of claiming the same as their rural homestead; (2) the bank did not have actual or constructive knowledge or notice of any homestead claims to the property by the Princes at the time the deed of trust was executed, and it relied upon the husband's disclaimer of homestead rights; (3) the husband, as head of the household, had the right and authority to designate certain tracts as the family homestead and to disclaim homestead rights in the two tracts in question, and the wife confirmed such designation by her conduct; and (4) the appellants failed to prove their claim for title or ground for recovery of the tracts in question.

█ Through their Points of Error Nos. I–VIII and XIII, appellants have asserted that there is "no evidence" to support the trial court's findings that the tracts had neither been acquired nor used by the Princes with the intention of claiming same as their rural homestead, and that such property had been excluded from the property designated by them as their homestead. Also, appellants attack the finding on the ground of "insufficient evidence," contending that the finding is so against the great weight and preponderance of evidence as to be manifestly unjust and wrong. It is well established that the claimant has the burden to establish by a preponderance of the evidence the various elements required to prove the existence of the asserted homestead right. Savell v. Flint, 347 S.W.2d 24 (Tex.Civ.App.—Eastland 1961, writ ref'd n. r. e.); Vaughn v. Vaughn, 279 S.W.2d 427 (Tex.Civ.App.—Texarkana 1955, writ ref'd n. r. e.). The court may not assume any facts to support the homestead claim against the validity of the lien in question. Hilliard v. Home Builders Supply Co., 399 S.W.2d 198 (Tex. Civ.App.—Fort Worth 1966, writ ref'd n. r. e.); Balcomb v. Vasquez, 241 S.W.2d 650 (Tex.Civ.App.—El Paso 1951, writ ref'd n. r. e.). Also, it may not be assumed that the owner wishes to claim a homestead exemption. Roberson v. Home Owners' Loan Corp., 147 S.W.2d 949 (Tex.Civ. App.—Dallas 1941, writ dism'd jdgmt cor.). Further, it is well settled in Texas that in order to establish homestead rights there must be proof of concurrence of usage and intent on the part of the owner to claim the land as a homestead. McFarlane v. First Nat. Bank of Orange, Tex., 97 S.W.2d 754 (Tex.Civ.App.—Beaumont 1936, writ ref'd). In the case of Roberson v. Home Owners' Loan Corp., supra, the court pointed out that "intention in good faith to occupy [the premises] is the prime factor" in establishing the homestead status of property, and in order to create the homestead right there must be the combination of both overt acts of homestead occupancy and the intention to dedicate the property to homestead usage.

█ In the instant case, the testimony as to usage of the tracts as of the time of

the execution of the deed of trust is limited to that of Mrs. Prince, an interested party, who testified that the only use of Tract No. 5 (the former roadway) was for a garden before it was actually owned by the Princes, and that Tract No. 4 was used to grow feed for livestock. As a general rule evidence given by an interested witness is not conclusive, although uncontradicted, and presents an issue of fact for determination by the trier of the facts. Savell v. Flint, supra; Mills v. Mills (Tex.Comm'n App. 1921); id. 111 Tex. 265, 231 S.W. 697. The appellants have cited the cases of Owen Development Company v. Calvert, 157 Tex. 212, 302 S.W.2d 640 (1957), and Mackey v. Gulf Insurance Company, 443 S.W.2d 911 (Tex.Civ.App.—Amarillo 1969, no writ), holding that the general rule is inapplicable when the testimony of the interested witness is clear, direct and positive and there are no circumstances in evidence which tend to be inconsistent or in conflict with the uncorroborated testimony. We do not agree that the exception is applicable here, for a review of all the circumstances indicates that the uncorroborated testimony is not conclusive that the property was a part of the homestead as a matter of law, but presents a fact issue for determination. It was held in the case of Calvert v. Hanna, 140 S.W.2d 976 (Tex.Civ.App.—Amarillo 1940, no writ), that where a homestead claimant had erected and occupied a house on a lot designated in a deed of trust as a homestead, other lots used only incidentally or secondarily to home purposes are not as a matter of law a part of the homestead. Also, see 28 Tex.Jur.2d, Homesteads, § 33. It is well established in this state that the question as to whether tracts of land adjoining property constituting an estate of homestead have been acquired as a part of the homestead is a question of fact. Arto v. Maydole, 54 Tex. 244 (1881). After considering the various circumstances in evidence with respect to the acquisition of the two additional tracts, their segregation from the original three tracts along with the circumstances relating to their probable intended or actual usage, we have concluded that whether the land was used primarily for homestead purposes at the time of the execution of the deed of trust raised a fact issue. We note that the trial court found that the tracts in question were, "to a limited extent" occupied and used by the Princes, and that at all material times the tracts were excluded from the property designated by the Princes as their rural homestead. The court further made the specific finding that the tracts were not acquired or used by the Princes with the intention of establishing and claiming a homestead thereon. Thus, we have no finding of a concurrence of usage and intent with respect to any homestead claim. Generally, whether a homestead claimant had the intention of making the premises in question his homestead is a question of fact to be determined by the trier of the facts. Foley v. Holtcamp, 28 Tex.Civ.App. 123, 66 S.W. 891 (—1902, writ ref'd); Steves v. Smith, 49 Tex.Civ.App. 126, 107 S.W. 141 (—1908, writ ref'd). We find no testimony in the record which serves to establish an intent on the part of the Princes to dedicate or claim Tracts Nos. 4 or 5 as their rural homestead. Indeed, the evidence militates against any intent to claim, designate or use the property as a part of their homestead. The original deed of trust given at the time of acquisition of Tract No. 4, contained a representation of homestead disclaimer, and, the partial prepayment privileges granting a partial release of the note given for the purchase price as to five acres when $500 is applied upon the note could be reasonably considered as indicative of an intent that the land was being acquired primarily for subdivision and sale in parcels. Although the deed of trust securing the payment of the purchase price for Tract No. 4 was not signed by Mrs. Prince, the evidence shows that she admitted that she was present at the time of the execution of the deed of trust, knew its contents, and was aware of the representation that the property was not a part of their homestead. Subsequently, the deed of trust covering Tracts Nos. 4 and 5 was executed by Prince

to secure the payment of the $94,070.60 note, and Mrs. Prince was aware of its existence as evidenced by her testimony that she was requested by the bank to come in and sign the instrument. Further, both Mr. and Mrs. Prince joined in the execution of the homestead designation concerning their claim for tax exemption, representing that their homestead consisted of Tracts Nos. 1, 2 and 3 for the tax years in question, which included the period of their ownership of Tracts Nos. 4 and 5. In the homestead designation instrument they made no representations whatsoever with respect to Tracts Nos. 4 and 5, when, if in fact they had regarded such tracts as a part of their homestead from the time of acquisition, as it is now contended, it would have been to their advantage to have included such tracts in their homestead designation.

In order for the appellants to prevail in their claim of "no evidence" or "insufficient evidence" as set out in their Points of Error Nos. I–VIII and XIII, they are required to bear the burden of proof of the concurrence of usage and intention to establish by competent proof their homestead claim to Tracts Nos. 4 and 5 at the time of the execution of the deed of trust which resulted in the foreclosure sought to be set aside. It is our opinion that the proof is not so conclusive as to warrant a holding by this court that as a matter of law the tracts in question were a part of the homestead at the time the deed of trust was executed. Rather, we find that there is a fact issue presented by the evidence regarding the concurrence of the usage and intention to claim the property as a part of the rural homestead. The trial court resolved such fact issue against the appellants, and in view of all the circumstances, we believe the evidence sufficiently supports the trial court's findings against the "no evidence" and "insufficient evidence" contentions. For the reasons above stated, we overrule appellants' Points of Error Nos. I through VIII and XIII.

In appellants' Points IX–XII, XIV and XVIII they assert that there is "no evi-

dence" and "insufficient evidence" to support the trial court's findings that the appellee did not have actual or constructive knowledge that the Princes were claiming homestead rights or that they were in such physical possession as to constitute notice or imputed knowledge of any homestead claims to the tracts in question at the time the loan was made and the deed of trust was executed, and that the appellee bank relied upon the husband's disclaimer of homestead rights therein.

It has long been the established rule in Texas that when the physical facts open to observation are such as to warrant a conclusion that the property in question is not the homestead of the mortgagor and its use is not inconsistent with the representations made that the property is disclaimed as a homestead, and such representations were intended to be and were actually relied upon by the lender, then the owner is estopped from asserting a homestead claim in derogation of the mortgage given to secure the loan. Alexander v. Wilson, 77 S.W.2d 873 (Tex.Comm'n App.1935, opinion adopted); Wootton v. Jones, 286 S.W. 680 (Tex.Civ.App.—Austin 1926, writ dism'd); Schwarzer v. Calcasieu Lumber Co., 176 S.W.2d 597 (Tex.Civ.App.—Austin 1943, no writ). Further if the homestead claimant contends that the property was being used in connection with his residence, the determining factor is whether the claimant's acts were such as to put a reasonable prudent person on notice that the tract constituted a part of the homestead. Phillips v. Texas Loan Agency, 26 Tex. Civ.App. 505, 63 S.W. 1080 (1901, writ ref'd); Steves v. Smith, supra.

In the case at bar, a physical inspection of Tracts Nos. 4 and 5 at the time of the execution of the deed of trust would have disclosed a fenced tract of land lying about one-fourth of a mile from the Prince residence situated on Tract No. 1. The land lying between the residence and the land in question was pasture land. The rec-

ord contains no evidence as to visible usage of the two tracts at the specific time of the execution of the deed of trust. Further the appellee was charged with at least constructive knowledge that the larger of the two tracts, Tract No. 4, had been acquired under the above mentioned arrangement for prepayment privileges and releases of 5-acre tracts, tending to support an inference of intention of a usage of the property for subdivision and resale. Also, constructively, the lender was charged with notice or knowledge that the previous deed of trust given at the time of Prince's acquisition of Tract No. 4 contained a representation of homestead disclaimer. Further, the husband had represented to the bank that the two tracts were no part of the homestead, and there was no outstanding homestead or claim of homestead exemption of record with respect to this property. In consideration of the open and obvious physical facts concerning the property in connection with other facts or knowledge relating to the property either known or which reasonable inquiry would have disclosed, together with the various basic matters hereinabove discussed in connection with our consideration of previous Points raised by the appellants, it is our opinion that under all of the circumstances when considered in the light of the applicable authorities, the evidence is sufficient to support the trial court's findings that the appellants are estopped to assert the homestead claim to defeat the foreclosure sale pursuant to the deed of trust. Appellants' Points of Error Nos. IX–XII, XIV and XVIII are overruled.

■ In appellants' Points of Error Nos. XV and XVI, they challenge the findings of the court that George W. Prince had the right and authority to designate certain tracts as the family homestead and to disclaim homestead rights in the two tracts in question and that the wife affirmed such disclaimer. The husband, as head of the family has the right to choose the homestead without the wife's concurrence so long as his act of designation is made in good faith and is not unjust or unfair to her. See Steves v. Smith, supra; 28 Tex. Jur.2d, Homesteads, §§ 3, 21, and cases cited therein. In this case the evidence shows that the wife was fully aware of the homestead disclaimer of Tract No. 4 set out in the deed of trust executed at the time the property was acquired. Also, she indicated that she relied upon her husband to execute various instruments pertaining to their community property, and she was aware of the financial difficulty culminating in the securing of a loan and that the deed of trust here involved had been executed, at least after the bank requested that she sign it. Further, there is no evidence that such disclaimer of homestead was not executed in good faith or was unfair or unjust to the wife. Additionally, the wife joined in the subsequent designation of Tracts Nos. 1, 2 and 3 for the homestead tax exemption which did not include Tracts Nos. 4 and 5 as a part of their homestead during the period of their ownership of the property here involved.

We have considered the various authorities cited by appellants in support of their contention as to the husband's lack of authority to disclaim the homestead interest by reason of their homestead use of the property at the time of the disclaimer. We find that the cases cited deal with situations in which the matter of establishment of the homestead had been completely resolved and that such authorities are not controlling with respect to the facts and circumstances of this case in which the proof has not conclusively established the required concurrence of homestead usage of the property and intention to claim the same as a homestead. From a review of the evidence and for reasons heretofore stated in connection with our consideration of other basic points raised by the appellants, we have concluded that in the absence of the proof required to establish the homestead status of the property, the husband, as head of the family, was authorized to make a binding homestead disclaimer of the proper-

ty at the time of the execution of the deed of trust. We, therefore, overrule appellants' Points of Error Nos. XV and XVI.

In appellants' Points of Error Nos. XVII and XIX, the general contention is made that the trial court erred in its finding that the appellants have failed to prove their title and are not entitled to recover. The matters argued here have been covered in our discussion of previous points, and from the evidence and in the light of the applicable authorities we hold that the appellants have not proved their title to the property primarily because of failure to establish the concurrence of usage and occupancy with the intention to claim the particular property as homestead property at the time the lien was placed thereon. We have carefully considered the case of Sullivan v. Barnett, 471 S.W.2d 39 (Tex.Sup.1971), cited by the appellants in support of their contentions. We observe that in this case the homestead portion of the land involved was not only designated of record as such, but it was clearly established that the homestead claimants actually lived in the home situated on the land, and used, occupied and claimed it for homestead purposes. Further, such facts were established not only by testimony of the claimants but also by disinterested witnesses. The cited case is clearly distinguishable on the fundamental facts which are in issue in the instant case, and we do not agree that it should be considered as authority to govern the disposition of the homestead question here involved. It is our opinion that the evidence does not sustain the appellants' contentions in Points of Error Nos. XVII and XIX, and we, therefore, overrule such Points.

For the reasons above stated, we have concluded that the appellants have not established the homestead status of the property in question at the time of the execution of the deed of trust and that there are no reversible errors in the judgment. Accordingly, the judgment of the trial court is affirmed.