**In re Roscoe Dale PARKER, Debtor.**

**Bankruptcy No. 181–00033.**

United States Bankruptcy Court,
N.D. Texas,
Abilene Division.

March 4, 1983.

Andrew E. Jillson, Dallas, Tex., for debtor.

James L. Wilks, Sweetwater, Tex., for Bank.

---

## MEMORANDUM OPINION

JOHN FLOWERS, Bankruptcy Judge.

The debtor, Roscoe Dale Parker, claims two noncontiguous tracts of land totalling 200 acres as his exempt homestead. The Texas Bank and Trust Company of Sweetwater, Texas ("Bank"), the holder of a deed of trust on this land, contests its exempt status on the basis of a designation in the deed of trust limiting the debtor's homestead to a specified five acres.

Prior to the execution of the deed of trust, the debtor owned an 83 acre tract of land in Stonewall County, Texas and a 166 acre tract in Nolan County, Texas. He is a farmer and at all relevant times was openly farming both tracts of land. The debtor borrowed interim funds from the Bank to

**934**

build a home on the Nolan County land. While this house was under construction he lived in town, moving into it as soon as construction was completed. Previously, the Bank had advanced over $170,000 to the debtor in connection with a farm implement business. When construction of the home was completed the debtor executed a deed of trust granting the bank a lien on both tracts of land for all debts owed to it. Paragraph 18 of the deed of trust contains the following statement:

GRANTOR does expressly declare that the above described property, or any part thereof, is not now nor has the same ever been used, claimed, occupied or enjoyed by GRANTOR as a business or residential homestead, SAVE AND EXCEPT a five-acre tract out of the Northwest One-fourth of Section No. 71, Block No. 22, T & P Ry. Co. Survey, Nolan County, Texas, on which HOLDER Bank holds obligation of GRANTOR in the sum of $30,-000.00.

■ Texas law provides for a rural homestead exemption of not more than two hundred acres which may be in one or more noncontiguous parcels, with improvements thereon. Tex.Const. art. 16, § 50; Tex.Rev. Civ.Stat. art. 3833(a)(2); *Cocke v. Conquest,* 120 Tex. 43, 35 S.W.2d 673 (Tex., 1931).

■ Where the use of the noncontiguous tracts has been for farming purposes, as in the case of this debtor, case law specifically allows a rural homestead to be composed of tracts of land not connected to the one upon which the home is located. *Rancho Oil Co. v. Powell,* 142 Tex. 63, 175 S.W.2d 960, 963 (Tex., 1943). *White v. Blackman,* 168 S.W.2d 531 (Tex.Civ.App.—Texarkana, 1943, writ ref'd). The homestead is subject to forced sale for only three specific types of debts: (1) the purchase money, (2) home improvements thereon, but only when the work and material are contracted for in writing with both spouses consent, and (3) taxes due thereon. Tex. Const. art. 16 § 50; Tex.Rev.Civ.Stat. art. 3839. Therefore, the Bank's right to foreclose its deed of trust on the 200 acres claimed exempt for non-payment of any

indebtedness, other than for the funds advanced for construction of the debtor's home, is dependant upon the validity of the debtor's designation and limitation of the specified five acres as his homestead.

■ Purported mortgages of the homestead for debts other than those permitted by the Constitution are void. *O'Neill v. Mack Trucks, Inc.,* 542 S.W.2d 112 (Tex.). [Mandate, recalled and reissued 551 S.W.2d 32 (Tex., 1977)] Recitations in mortgages purporting to designate a specific homestead which are contrary to facts creating a different homestead are also ineffective. As stated by the Texas Supreme Court in *Texas Land Loan Co. v. Blalock,* 76 Tex. 85, 13 S.W. 12, 13 (Tex., 1890) "... no estoppel can arise in favor of a lender, who has attempted to secure a lien on homestead in actual use and possession of a family, based on declarations of husband and wife to the contrary ...".

■ The Bank argues this rule has no application here. It relies on *Alexander v. Wilson,* 124 Tex. 392, 77 S.W.2d 873 (Tex., 1935) in which the Court held the debtors were estopped to assert a claim contrary to the homestead declaration where the lender was deceived. In *Alexander* the debtors, who were living in an urban home, mortgaged certain rural land and in the mortgage disclaimed any part of the rural land as being part of their homestead. Subsequently the debtors set up a homestead claim to the rural property to prevent foreclosure. The court held the debtors were estopped from claiming the rural property as their homestead because at the time they signed the mortgage the visible circumstances indicated that the urban home was in fact their homestead and the mortgagee was correct in relying on this fact. Texas recognizes both urban homesteads and rural homesteads, Tex.Const. art. 16 § 51. A claim may be made to one or the other but not both. *Acrey v. Castleberry,* 233 S.W. 535 (Tex.Civ.App.—Beaumont, 1921, no writ). Accordingly, the designation of the urban homestead in *Alexander* precluded any possible claim to a rural homestead.

In the present case the debtor claimed a rural homestead and his designation which limits it to five acres is inconsistent with both his right to claim up to 200 acres and the visible and actual use and occupancy of the 200 acres in his farming operations at the time he made the designation. Indeed, having advanced the funds to build debtor's home on the Nolan County land, the bank cannot claim they had no knowledge of its use as a homestead.

The bank also argues that the Stonewall County land is subject to the rule in *Alexander* because the debtor did not actually live on that tract and therefore it did not have notice of its homestead character. In *Alexander,* the claim of an urban homestead precluded any claim of a rural homestead. Here the claim of one tract as part of a rural homestead is consistent with a claim of any other rural tract to complete the 200 acres. To accept the Bank's argument would undermine the established law which prohibits the creation of liens on a homestead except for the purposes set forth in the Constitution, and permits the two hundred acres composing an urban homestead to be in two or more parcels of land. Moreover, it is contrary to the mandate to construe the homestead exemptions liberally. *Whiteman v. Burkey,* 115 Tex. 400, 282 S.W. 788, 789 (Tex., 1926).

The Debtor will be permitted to claim 200 acres from the two tracts which he owns. The Bank's debt for the home construction loan is secured by all of the property described in the deed of trust. All other indebtedness is secured only by any excess land after the 200 acres have been designated by the debtor.