**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 10, 2010

No. 09-40912

Lyle W. Cayce
Clerk

In the Matter of:  GREGORIO VILLARREAL; ESTELA VILLARREAL,

     Debtors

------------------------------

GREGORIO VILLARREAL; ESTELA VILLARREAL,

     Appellants

v.

Trustee DAVID W. SHOWALTER

     Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:09-CV-67

Before DENNIS, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Debtors-Appellants, Gregorio and Estela Villarreal, challenge the bankruptcy court's determination that they are equitably estopped from protecting the restaurant and ballroom within which they covertly resided under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-40912

the Texas Constitution's homestead exemption provision, Article 16, § 50. This case presents a novel question of Texas state law, which is dispositive of the entire case. We certify the question to the Texas Supreme Court.

CERTIFICATION FROM THE UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT TO THE SUPREME COURT OF TEXAS, PURSUANT TO THE TEXAS CONSTITUTION ART. 5, § 3-C AND RULE 58 OF THE TEXAS RULES OF APPELLATE PROCEDURE

TO THE SUPREME COURT OF TEXAS AND THE HONORABLE JUSTICES THEREOF:

I. STYLE OF THE CASE

The style of the case in which certification is made is *In re Villarreal* or *Villarreal v. Showalter*, No. 09-40912, in the United States Court of Appeals for the Fifth Circuit, on appeal from the United States District Court for the Southern District of Texas, McAllen Division, Civil Action No. 7:09-CV-67, and the Bankruptcy Court, Southern District of Texas, McAllen Division, *In re Villarreal*, 401 B.R. 823 (Bankr. S.D. Tex. 2009). The Fifth Circuit, on its own motion, has decided to certify this question to the Justices of the Texas Supreme Court.

II. STATEMENT OF THE CASE

This bankruptcy case concerns whether the husband and wife Debtors are equitably estopped from asserting the Texas homestead exemption to protect the real property on which they surreptitiously resided, a restaurant and ballroom known as Greg's Ballroom, from foreclosure by their creditors, because (1) although Debtors lived on the property, their residence there did not give a

2

reasonable prudent person notice that it was their homestead; and (2) Debtors disclaimed the homestead protection of the property in a manner that met all the doctrinal requirements for equitable estoppel to apply. *See In re Villarreal*, 401 B.R. 823.

In 2005, Debtors' prior family home was foreclosed upon. They moved into their only other property, their place of business, Greg's Ballroom, and surreptitiously used it as their sole family home. They resided "in the restaurant portion of the building behind a black curtain that concealed their bed and bedroom furniture." *Id.* at 830. "They use[d] the shower area in the back of the building, which is inaccessible to visitors." *Id.* While a friend of Debtors' testified that she was aware that they were living on the property, she also stated that Debtors never allowed her to view their living area. *Id.* "Debtors admitted that they have kept secret their residence at Greg's Ballroom." *Id.* Consequently, there generally was no clothing, personal effects or home furnishings visible on the property. *Id.* Although a police officer testified that he once saw toys and furniture by the black curtain leading to Debtors' sleeping area, he stated that he had the impression that the curtain demarcated a storage area, not a living space. *Id.* No county or real estate records indicated that Debtors were living on the property. *Id.*

In 2007, Mr. Villarreal settled lawsuits with the clients of David Showalter, an attorney who would subsequently assume the role of Trustee for his clients' interests in the settlement. *Id.* at 828. The settlement, in relevant part, stated that Mr. Villarreal would execute a promissory note for $70,000 plus interest to Showalter as Trustee for his beneficiaries and that note would be secured by a deed of trust against Greg's Ballroom. *Id.* Mr. Villarreal executed the promissory note. *Id.* at 829. That note listed Greg's Ballroom as Mr. Villarreal's mailing address. *Id.* Debtors, both Mr. and Mrs. Villarreal, also executed the deed of trust against Greg's Ballroom. *Id.* The deed stated, "No part

of the property is used for residential purposes and is not, in whole or in part the homestead of Grantors. Grantors acknowledge and represent that the debt evidenced by the Note is used for business purposes for value received by Grantors." *Id*. The deed also listed Greg's Ballroom as Debtors' mailing address. *Id*. Later in 2007, Mr. Villarreal defaulted on the promissory note and Trustee "foreclosed on the lien." *Id*.

Debtors then brought suit in state court alleging that Trustee wrongfully foreclosed on their property as it was exempt from seizure because it was their homestead. *Id*. While those proceedings were pending, Debtors sought protection under Chapter 13 of the bankruptcy code. *Id*. Debtors then removed their wrongful foreclosure suit to federal court as part of the bankruptcy proceedings. *Id*. *See also* 28 U.S.C. §§ 1334, 1452. Objections were entered to Debtors' claimed protection of Greg's Ballroom as a homestead. *In re Villarreal*, 401 B.R. at 828. It was argued both that the property was not Debtors' valid homestead and that even if it was, Debtors should be equitably estopped from protecting it from foreclosure. *Id*. at 828, 833.

Following hearings, the bankruptcy court concluded that Greg's Ballroom was Debtors' valid homestead because, beginning in 2005, they had used it as their sole and continuous residence. *Id*. 832-33. The bankruptcy court noted that under Texas law, liens are generally not enforceable against homesteads. *Id*. at 833. However, the bankruptcy court determined that Texas law allows a certain narrow class of homestead claimants to be equitably estopped from protecting their homesteads from foreclosure. *Id*. at 834. Specifically, under the bankruptcy court's interpretation of Texas law, when a homestead claimant is living on the property as his or her homestead, he or she can nonetheless be equitably estopped from protecting that property as such, if his or her "acts were [not] such as to put a reasonable prudent person on notice that the tract constituted a part of the homestead." *Id*. at 834-35 (quoting *Prince v. N. State Bank*, 484 S.W.2d

405, 411 (Tex. Civ. App.-Amarillo 1972, writ ref'd n.r.e.)) (internal quotation marks omitted). Such a rule, the bankruptcy court continued, is consistent with the "ambiguous possession" doctrine articulated by the Texas courts: that when a claimant owns "only one piece of property but does not occupy it" and the "'visible circumstances'" on the property are consistent with the owner's disclaimer of the property as his or her homestead, the owner may be estopped from later claiming the property as his or her homestead. *Id.* at 835 (quoting *First Interstate Bank v. Bland*, 810 S.W.2d 277, 284, 287 (Tex. Civ. App.-Fort Worth 1991)) (citing *Alexander v. Wilson*, 77 S.W.2d 873, 874 (Tex. 1935))). The court acknowledged that this analysis was in tension with "[t]he general rule that Texas courts have adopted unanimously in this situation where the claimant owns only one piece of property and occupies it at the time of the mortgage . . . that 'the claimant is not estopped to set up the homestead exemption notwithstanding the declarations in the mortgage contract.'" *Id.* at 834 (quoting *First Interstate Bank*, 810 S.W.2d at 283 (citing *Tex. Land & Loan Co. v. Blalock*, 13 S.W. 12, 13 (Tex. 1890); *Ray v. Metzger*, 165 S.W.2d 207, 209 (Tex. Civ. App.-Fort Worth 1942), *aff'd*, 141 S.W.2d 480 (1943))). Yet the court concluded that this apparent conflict in Texas law was reconcilable because the rule against estoppel assumed that by occupying the homestead, the claimant's "use of the property as a home [would be] of so obvious a nature" that the lender must have had notice it was the claimant's homestead. *Id.* (quoting *First Interstate Bank*, 810 S.W.2d at 283-84) (internal quotation marks omitted). Accordingly, the bankruptcy court determined that the rule against estoppel did not apply to the instant case. *Id.* at 836.

Based on this interpretation of Texas law, the bankruptcy court concluded that Debtors could be equitably estopped from protecting their property as their homestead because Debtors had concealed their residence from public view. *Id.* The area in which they were living appeared to an outsider as "a storage area."

*Id.* at 835. Neither the presence of visitors nor some personal items contradicted this impression, as visitors were associated with Debtors' business activities and too few personal items were in public view to indicate that individuals were living on the property. *Id.* Further, the external appearance of the property suggested that it was a business. *Id.* Therefore, the bankruptcy court concluded that "Debtors' use of Greg's Ballroom as a residence . . . was insufficient 'to put a reasonable prudent person on notice that the property was a homestead.'" *Id.* (quoting *Prince*, 484 S.W.2d at 411).

Finally, the bankruptcy court concluded that Debtors' disclaimer of their homestead rights satisfied each of the doctrinal requirements for equitable estoppel because it was: "(1) a false representation or concealment of material facts; (2) made with either actual or constructive knowledge of the truth; (3) to a party without knowledge of the truth or without the means of knowing the truth; (4) with the intention that the false representation or concealment should be acted on; and (5) the party to whom it was made actually relied on or acted on it to his prejudice." *Id.* at 833, 836-37 (quoting *Gulbenkian v. Penn*, 252 S.W.2d 929, 932 (Tex. 1952)) (internal quotation marks omitted). Therefore, the bankruptcy court concluded that the Trustee's "pre-petition foreclosure" on the property "was valid"; and that the property should not become part of the bankruptcy estate because Trustee could foreclose against it in satisfaction of the debt his beneficiaries were owed, *id.* at 839.

The Debtors appealed. The district court affirmed, relying on a similar analysis of the limitations of Texas's homestead protection and citing primarily the same Texas case law as the bankruptcy court.

III. FACTUAL AND LEGAL ISSUES RESOLVED

Before setting forth the question to be certified, we resolve the other pivotal factual and legal issues, leaving the certified question as dispositive of

the whole case. Debtors contest the bankruptcy court's factual finding that they resided surreptitiously and not openly in Greg's Ballroom. They also deny that they had actual or constructive knowledge of the fact that Greg's Ballroom was their homestead when they signed the deed of trust asserting that "[n]o part of the property is used for residential purposes" and that Trustee Showalter relied on their disclaimer of the property as their homestead. The bankruptcy court resolved each of these factual issues in favor of Trustee.

"We review the bankruptcy court's rulings and decisions under the same standards employed by the district court." *In re Perry*, 345 F.3d 303, 309 (5th Cir. 2003). "A finding of fact . . . may be disregarded only if it is clearly erroneous." *Id*. "Estoppel is ordinarily a question of fact." *Nottingham Manor Owners Ass'n v. El Paso Elec. Co.*, 260 S.W.3d 186, 197 (Tex. Civ. App.-El Paso 2008).

We see no clear error in the bankruptcy court's findings. Debtors do not contest that they concealed their living quarters on the property and that their visible activities on the property were consistent with the types of business activities that occurred at Greg's Ballroom. They argue only that a reasonable prudent person would have known that the property was their homestead because (1) they listed the property as their home address in the promissory note, deed of trust and on their driver's licenses and tax returns, and (2) sometimes there were visitors on the property when there were not events scheduled at the ballroom. However, these marginal facts are insufficient to establish that the bankruptcy court committed clear error in finding that they used Greg's Ballroom as their homestead surreptitiously and not openly. Likewise, Debtors acknowledge that they had actual or constructive knowledge that they were using part of the property for residential purposes, contrary to the disclaimer in the deed of trust they signed. Debtors argue only that they failed to realize the significance of those facts. Moreover, Debtors point to no

evidence suggesting Trustee Showalter did not rely on their misrepresentation that the property was not being used for residential purposes; they merely argue that he should have investigated further and determined that their homestead disclaimer was false.[1]

The remaining issue in this case, therefore, is whether Texas homestead claimants can be equitably estopped from protecting their actual homesteads if they have disclaimed the homestead protection and resided on the property covertly and not openly. As described in the background section, there is a tension in Texas law regarding this question. One of the foundational Texas Supreme Court cases in this area, *Texas Land & Loan Co. v. Blalock*, states that "no estoppel can arise in favor of a lender who has attempted to secure a lien on homestead *in actual use and possession of the family*, based on declarations of the husband and wife made orally or in writing contrary to the fact" that the property was the family's homestead. 13 S.W. 12, 13 (1890) (emphasis added). Therefore, actual use of the property as a homestead, regardless of the nature of that use, would seem to prevent estoppel.

Other Texas courts have endorsed *Texas Land*'s statement of the law. *See Rutland Sav. Bank v. Isbell*, 154 S.W.2d 442, 445 (Tex. 1941) ("Since the courts below have found that the John D. Isbell family were actually living on the 34 acres as a homestead at that time, the lender should not have relied upon the affidavit at all" and therefore no estoppel can arise.); *Parrish v. Hawes*, 66 S.W. 209, 212 (Tex. 1902) (stating that once a homestead is established "all persons must take notice, and hence declarations . . . contrary thereto cannot be relied

---

[1] Debtors also argue that Ms. Villarreal cannot be estopped because she was not a party to the settlement between Showalter's clients and Mr. Villarreal. This argument misses the point. The misrepresentation that led the bankruptcy court to conclude Debtors could be estopped occurred in the deed of trust. That document, which both Debtors acknowledge that they signed, stated that Greg's Ballroom was not their homestead. It is that misrepresentation that resulted in the bankruptcy court concluding Debtors were equitably estopped.

on"). Likewise, relying on the above statement from *Texas Land*, the Fifth Circuit has suggested "that a homestead claimant is not estopped to assert his homestead rights in property on the basis of declarations made to the contrary if, at the time of the declarations, the claimant was in actual use and possession of the property." *In re Niland*, 825 F.2d 801, 808 (5th Cir. 1987). Finally, a Texas treatise on homestead rights declares that "[w]here it is shown that, at the time a person dealt with the homestead property, the homestead claimant was occupying the premises in a manner sufficient to sustain the homestead exemption [i.e., for it to be found that the property was the claimant's homestead], the homestead exemption cannot, as a rule, be destroyed by any statement, declaration, or representation made by the claimant that the status of the property is otherwise." 43 *Tex. Jur. Homesteads* § 83 (3d ed. 2010).

However, there is a series of cases that supports the rule articulated in the bankruptcy court opinion: that a homestead claimant can be estopped from asserting the homestead protection if he or she does not live on the property in a manner to give a reasonable prudent person notice that he or she was using the property as a homestead. For instance, *Alexander v. Wilson* stated that "unless the visible circumstances existing at the time were of such import as to apprise [the mortagee] of the fact that the [property] was the home of the mortgagors," the mortgagors could be estopped from asserting the homestead protection for the property. 77 S.W.2d 873, 874 (Tex. 1935). Likewise, in *Lincoln v. Bennett*, the Texas Supreme Court stated that liens could be enforced against homesteads where "the owners, . . . so using it that its status is dubious at the time the mortgage is executed, represent that it is not their homestead." 156 S.W.2d 504, 505 (Tex. 1941). Finally, *Prince v. North State Bank* stated that if a homestead claimant was living on the property at the same time that he or she disclaimed the homestead protection, "the determining factor [for whether the homestead protection will be enforced] is whether the claimant's acts were such

as to put a reasonable prudent person on notice that the tract constituted a part of the homestead." 484 S.W.2d 405, 411 (Tex. Civ. App.-Amarillo 1972, writ ref'd n.r.e.).

Nonetheless, each of these cases is factually distinct from the present case. In *Alexander* and *Prince* the homestead claimants were not living on the property claimed as a homestead at the time that they allegedly disclaimed their homestead rights. *Lincoln* never applied the doctrine it articulated, as the court found that the claimants were openly using the property as their homestead. Accordingly, it is unclear whether the broad rule that these cases state is applicable to circumstances in which the homestead claimant is living on the property as a homestead at the time he or she disclaims the homestead protection.

Given the tension extant in Texas law between the *Texas Land* and *Alexander* lines of cases, we request that the Texas Supreme Court address and answer the question that we certify below.

## IV. QUESTION CERTIFIED

Whether an otherwise valid homestead exemption claim against seizure and sale by creditors is foreclosed by equitable estoppel when (1) claimants' use of the property as a homestead was surreptitious; (2) the claimants publicly declared at the time that the lien was placed on the property that no such use of the property was being made; and (3) the other criteria for equitable estoppel have been met, *viz.*, (a) that a false representation was made with either actual or constructive knowledge of the truth; (b) to a party without knowledge of the truth or without the means of knowing the truth; (c) with the intention that the false representation or concealment should be acted on; and (d) the party to whom it was made actually relied on or acted on it to his prejudice.

No. 09-40912

We disclaim any intention or desire that the Supreme Court of Texas confine its reply to the precise form or scope of the question certified. The answer provided by the Supreme Court of Texas will determine the dispositive issue on appeal in this case. The record of this case, together with copies of the parties' briefs, is transmitted herewith.

QUESTION CERTIFIED.